**In re Lillie LEE, Debtor.**

**Lillie LEE, Plaintiff,**

v.

**Richard S. SCHWEIKER, Defendant.**

**Bankruptcy No. 81–04668K.**
**Adv. No. 82–0404K.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Nov. 16, 1982.

Irv Ackelsberg, Philadelphia, Pa., for debtor/plaintiff.

Virginia R. Powell, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

James J. O'Connell, Philadelphia, Pa., standing trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on a complaint by the debtor to recover funds from the Secretary of the Department of Health and Human Services. The Secretary is responsible for the administration of the Social Security Act. The debtor alleges that a total of $746.50 has been withheld from her benefits in violation of the Bankruptcy Code. She alleges that the Social Security Administration's recoupments from her regular payments are avoidable preferences, setoffs, and violations of the automatic stay. Although the Court agrees with the debtor, the Secretary and the Social Security Administration have a valid right of setoff against the debtor's benefits. The Court, therefore, will deny the debtor's complaint for turnover on the basis that the debtor has not provided any indicia of adequate protection for the interest of the Administration.[1]

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 752 of the Rules of Bankruptcy Procedure.

The facts of the case are entirely undisputed.[2] Lillie Lee is a recipient of old-age benefits under the Social Security Act. 42 U.S.C. § 401 *et seq.* During 1980 she received an overpayment of benefits. The Social Security Administration, therefore, notified her that the overpayment would be recouped from future benefits. By August 1981, the sum of $746.50 in overpayments remained unsatisfied. Recoupment of the overpayments was at the rate of $102.00 per month deducted from the debtor's regular benefit payment. The $746.50, which is the subject of this litigation, was recouped in accordance with the following schedule:

| Payment Date | Amount of Recoupment |
|---|---|
| 9/3/81 | $102.00 |
| 10/3/81 | 102.00 |
| 11/3/81 | 102.00 |
| 12/3/81 | 102.00 |
| 1/3/82 | 102.00 |
| 2/3/82 | 102.00 |
| 3/3/82 | 102.00 |
| 4/3/82 | 32.50 |

The debtor filed her petition for relief under Chapter 13 of the Bankruptcy Code on November 13, 1981. If these funds are recovered, the debtor could exempt them under § 522 of the Bankruptcy Code. The trustee has not sought recovery of either the pre- or post-petition recoupment.

Under § 522(h) of the Bankruptcy Code, the debtor may file an action to avoid improper preferences or setoffs. 11 U.S.C. § 522(h). The instant complaint, filed by the debtor, is based on several causes of action. Regarding the sum of $306.00, recouped prior to the filing of the petition, the debtor alleges that the Social Security Administration is liable to her on the ground that the transfer is avoidable under § 547(b) of the Bankruptcy Code; and, furthermore, that this setoff against her benefits is also an avoidable setoff pursuant to § 553 of the Bankruptcy Code. A different, but similar, cause of action is alleged in regard to the post-petition recoupment.

The sum of $440.50, recovered after the filing of the petition, was allegedly recouped in violation of § 362 of the Bankruptcy Code. Such amount is, therefore, recoverable under § 549 or § 553 of the Code as an improper post-petition setoff.

■ In response to these charges, the Administration has brought a virtual battery of defenses to bear. First, it is averred that this type of recoupment is not subject to the automatic stay. This conclusion is in error. Section 362(a)(7) clearly stays "the setoff of any debt owing the debtor... against any claim against the debtor...". 11 U.S.C. § 362(a)(7).

■ The second defense is that the Bankruptcy Court lacks jurisdiction on the basis of the doctrine of sovereign immunity. As before, this conclusion is in error. Section 106 of the Bankruptcy Code constitutes an express waiver of sovereign immunity. 11 U.S.C. § 106.[3] The legislative history states:

Section 106(c) relating to sovereign immunity is new. The provision indicates that the use of the term "creditor," "entity," or "governmental unit" in title 11 applies to governmental units notwithstanding any assertion of sovereign immunity and that an order of the court binds governmental units. The provision is included to comply with the requirement in case law that an express waiver of sovereign immunity is required in order to be effective. [124 Cong.Rec.H 11,091 (Sept. 28, 1978); S 17,407 (Oct. 6, 1978).]

■ The third defense is that the Court lacks subject matter jurisdiction as Section 207 of the Social Security Act (42 U.S.C. § 407) bars the instant complaint. This section provides that:

The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this sub-

**2.** All facts in this case were admitted in the pleadings. The case came before the Court on cross motions for summary judgment.

**3.** *In the Matter of Neavear,* 674 F.2d 1201 (7th Cir.1982).

chapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

42 U.S.C. § 407. The Administration asserts that this provision confers upon it a total exemption from operation of all bankruptcy laws. This argument was considered and explicitly rejected by the Court of Appeals for the Seventh Circuit. *In the Matter of Neavear,* 674 F.2d 1201 (7th Cir. 1982). The Court, therefore, finds this defense to be without merit.

■ The Social Security Administration, as a fourth defense, asserts that the pre-petition recoupments are not preferences recoverable under § 547(b) because the defendant had no reasonable cause to believe the plaintiff was insolvent. 11 U.S.C. § 547(b)(2)(B)(ii). This provision, however, only applies to insider transfers occurring more than ninety (90) days prior to the filing of the petition. All of the transfers at issue, however, occurred within the ninety-day period. The Court also notes that the Bankruptcy Code provides a presumption of insolvency during the ninety (90) days prior to bankruptcy. 11 U.S.C. § 547(f). There can be no question, therefore, that the recoupment of the sum of $306.00 by the Social Security Administration prior to the petition was an avoidable preference.

■ The fifth defense raised by the Administration is that the overpayment would be non-dischargeable in a chapter 7 case; and, therefore, the defendant's chapter 13 plan cannot be confirmed under 11 U.S.C. § 1325(a)(4). No evidence was offered as to whether any payments under the chapter 13 plan, concerning the non-dischargeability of this debt, or concerning any possible distribution under chapter 7. The Court cannot render a decision on this issue at the present. The issues as to whether the plan should be confirmed or as to the dischargeability of a particular debt are not ripe and should be raised by the creditor by an appropriate pleading at the proper time in this proceeding.

■ Defendant further asserts, as the sixth line of defense, that the Administration is the holder of a statutory right of setoff and, therefore, it must be treated as a secured claim. The alleged right of setoff arises under § 404 of the Social Security Act. 42 U.S.C. § 404(a)(1).[4] The Bankruptcy Code preserves the right of a creditor to setoff a mutual debt against the claim of such creditor. 11 U.S.C. § 553(a).[5] The Code further provides that a claim of a creditor which is subject to a right of setoff shall be treated as a secured claim. 11 U.S.C. § 506(a).[6] The Court is in agree-

4. This provision provides, in pertinent part, that:

(a) Whenever the Secretary finds that more or less than the correct amount of payment has been made to any person under this subchapter, proper adjustment or recovery shall be made, under regulations prescribed by the Secretary, as follows:

(1) With respect to payment to a person of more than the correct amount, the Secretary shall decrease any payment under this subchapter to which such overpaid person is entitled, or shall require such overpaid person or his estate to refund the amount in excess of the correct amount, or shall decrease any payment under this subchapter payable to his estate or to any other person on the basis of the wages and self-employment income which were the basis of the payments to such overpaid person, or shall apply any combination of the foregoing.

5. This provision provides, in pertinent part, that:

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case . . .

6. Section 506 provides that:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be de-

ment with these assertions. The Social Security Administration retains a valid right of setoff against the $746.50, which is the subject of this litigation.

 The Court finds that, in order for the debtor to obtain turnover of the amount in question, the interest of the Administration in said funds must be provided with adequate protection. Pursuant to § 1303 of the Bankruptcy Code, the debtor in a chapter 13 case is vested with certain rights and powers.[7] One of these powers is the authority to use property of the estate.[8] This power, however, is not without limit. If the property in question is subject to an interest of another party, the debtor must provide the creditor with adequate protection.[9] This is exactly the situation in the case at bench. The interest of the Administration, a valid right of setoff, must be adequately protected before the Court will order turnover of these funds to the debtor. In such an event, the debtor herein would bear the burden of proving the existence of adequate protection for the Administration's interest. No such evidence has been alleged by the debtor.

Finally, the defendant asserts that it is the holder of a statutory lien, which may not be avoided as a preference. No authority is cited for this proposition. The Court, therefore, will not entertain this defense.

In conclusion, the Court will enter an Order denying the debtor's complaint on the basis that the interest of the Social Security Administration is not adequately protected.

---

termined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

7. The source of this authority is § 1303, which provides that:
   Subject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), and 363(1), of this title.

8. See, 11 U.S.C. § 1303; fn. 7.

9. Section 363 provides, in the pertinent subsection, that:
   (e) Notwithstanding any other provision of this section, at any time, on request of any entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. In any hearing under this section, the trustee has the burden of proof on the issue of adequate protection.