In re YONKERS HAMILTON SANITARIUM INC., d/b/a Yonkers Professional Hospital, Debtor.

Jeffrey L. SAPIR, Trustee, Plaintiff-Appellant,

v.

BLUE CROSS/BLUE SHIELD OF GREATER NEW YORK and United States of America, Department of Health and Human Services, Defendants-Respondents.

Nos. 80 B 20054 (HS), 82 ADV. 6073. 83 CIV 0452 (LBS)

United States District Court, S.D. New York.

Nov. 10, 1983.

---

**4.** There is no evidence of this fact in the record.

Teitelbaum & Gamberg, P.C., New York City, for plaintiff-appellant; Wayne M. Greenwald, New York City, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendants-respondents; Marc H. Rosenbaum, Asst. U.S. Atty., New York City, of counsel.

SAND, District Judge.

Jeffrey L. Sapir, Trustee in Bankruptcy for the Yonkers Hamilton Sanitarium, Inc., d/b/a Yonkers Professional Hospital ("Yonkers"), appeals from a decision of the United States Bankruptcy Court, 22 B.R. 427 (Schwartzberg, B.J.) dismissing the adversary proceeding brought by the Trustee to recover alleged impermissible setoffs and preferential adjustments received by respondents prior and subsequent to the filing of the Debtor's Chapter 11 petition. For reasons stated herein, the decision of the Bankruptcy Court is affirmed.

A full statement of the facts is to be found in Judge Schwartzberg's opinion, familiarity with which is assumed. Appellant presents two questions on appeal.

1. Whether deductions of $72,012 from partial interim payments ("P.I.P.'s") 90 days prior to the filing of the Appellant's Chapter 11 petition violated the preferential transfer proscriptions of §§ 547(b)(4)(A) and 553(a) of the Bankruptcy Code.

2. Whether P.I.P. deductions of $61,716 subsequent to Appellant's Chapter 11 filing violated the automatic stay provisions of Code § 362.

A third issue raised by Appellant in the Bankruptcy Court that P.I.P. deductions in the year prior to the filing of the bankruptcy petition constituted insider preferences under Code § 547(b)(4)(B)—has not been pressed in this appeal.

1. *90 Day Preference*

■ Judge Schwartzberg held that Respondent's P.I.P. deductions constituted recoupments rather than setoffs and therefore were not preferential transfers within the meaning of Code § 547(b)(4)(A). The distinction between a recoupment and a setoff is that a recoupment, unlike a setoff, does not involve the concept of mutuality of obligations and arises out of a single transaction between creditor and debtor. *Waldschmidt v. CBS, Inc.,* 14 B.R. 309 (D.C. M.D.Tenn.1981), 4 *Collier on Bankruptcy* ¶ 553.03, at 553.11 (15th Ed.1981). See also

*In re Monongahela Rye Liquors,* 141 F.2d 864, 869 (3d Cir.1944).

Appellant first contends that Respondent's P.I.P. deductions constituted setoffs rather than recoupments. In support of this characterization, Appellant maintains that this case involves multiple, rather than single, transactions because "each sale by the trade creditors and each medical service rendered by the debtor represented a separate transaction." Alternatively, Appellant maintains, each "annual payment cycle" should constitute a separate transaction. Although this argument is creative, it is hardly persuasive. The relevant inquiry here relates to the dealings between Respondent and Appellant—not between Appellant and third parties. The doctrine of recoupment would have little meaning if "single transaction" were defined otherwise.

■ Equally unpersuasive is Appellant's contention that the new Bankruptcy Code somehow repealed the doctrine of recoupment that obtained previously under the old Bankruptcy Act. Other than alleging that the new Code "effectuates greater restrictions on setoffs and other preferential types of transfers [calling] for a narrower construction of doctrines, such as recoupment, that lead to the circumvention of these increased restrictions," Appellant can point to nothing in the language or legislative history of the new Code specifically supporting its interpretation.

■ The cases cited by Appellant in support of its contention that recoupments are subject to § 553 are also of no avail. *Matter of Neavear,* 674 F.2d 1201, 1207 (7th Cir.1982), *In re Hawley,* 23 B.R. 236 (Bkrtcy.E.D.Mich.1982) and *In re Rowan,* 15 B.R. 834, 8 B.C.D. 549 (Bkrtcy.N.D.Ohio 1981) dealt with the question whether past overpayments of Social Security benefits to the debtor were dischargeable in bankruptcy. *In re Howell,* 4 B.R. 102, 103 (Bkrtcy. M.D.Tenn.1980) arose from the Department of Labor's motion to change the status of

its claims for past overpayments of benefits from unsecured to secured. None of these cases involved the recovery of overpayment of benefits ninety days prior to filing for bankruptcy as a voidable preference. *In re Lee,* 25 B.R. 135 (Bkrtcy.E.D.Pa.1982) did address this issue, holding that such deductions were voidable, but nevertheless denied the debtor's complaint for return of these funds on the grounds that Social Security Administration claims against the debtor were secured and would not be adequately protected if returned. Moreover, the *Lee* court did not consider the distinction articulated by the *Waldschmidt* opinion and the Collier's treatise between setoffs and recoupments.[1]

Finally, we see no basis for Appellants' contention that Judge Schwartzberg gave superseding effect to HHS's statutory or administrative provisions requiring "adjustments" or "recoupments" over the Bankruptcy Code's prohibitions against preferential transfers. Judge Schwartzberg was merely pointing out that Respondents had a statutory right to seek recoupment that did not depend upon the debtor's agreement thereto. In any event, Judge Schwartzberg's reading of the Bankruptcy Code, with which we concur, was that the recoupments involved here were simply not preferential transfers. There is no implication that the provisions of any other statute have overriding effect. Appellant's reliance on such cases as *United States v. Whiting Pools, Inc.,* —— U.S. ——, 103 S.Ct. 2309, 76 L.Ed.2d 515, 8 C.B.C. 710 (1983) is therefore misplaced.

### 2. *Post-petition transfers and the automatic stay*

■ Appellant has raised no new arguments on this appeal in support of its characterization of post-petition P.I.P. deductions as violative of the automatic stay provisions of Code § 362, although it has cited the case of *In re Dartmouth House Nursing Home, Inc.,* 24 B.R. 256, 9 B.C.D. 954

---

**1.** The only argument raised by the Social Security Administration against characterizing the deductions as voidable preferences was

that "the defendant had no reasonable cause to believe the plaintiff was insolvent" within the ninety-day preference period. 25 B.R. at 135.

(Bkrtcy.D.Mass.1982), decided after Judge Schwartzberg's opinion. We believe that reliance on the *Dartmouth* case is misplaced because the court there found that overpayments to the debtor had occurred under separate, yearly provider agreements that had terminated at the time of filing. 24 B.R. at 260–61. By contrast, as previously noted, in this case there was a single, continuing provider agreement still in effect at the time of petition and continuing thereafter.

In deciding this question, we are guided by basic principles of equity. In January of 1978, as Appellant concedes, Respondent could have terminated any further payments under the provider agreement. Instead, the parties entered into a subsidiary contract whereby Yonkers' right to continued payments was contingent upon its assent to the recoupment of past overpayments. (See letter from Director of Provider Reimbursement, dated January 3, 1978). This subsidiary contract was still executory at the time of the petition since the full amount of past overpayments had not been recouped.[2] Having accepted the benefit of this executory agreement in the form of continued funding, the Appellant can not now be granted relief from the corresponding burden of the agreement—the recoupment of past overpayments. *Blue Cross of Western Pa. v. Monsour Medical Center,* 11 B.R. 1014 (W.D.Pa.1981). *In re Berger,* 16 B.R. 236 (Bkrtcy.S.D.Fla.1981). See generally *In re Shoppers Paradise, Inc.,* 8 B.R. 271, 7 B.C.D. 69, 3 C.B.C.2d 484 (Bkrtcy.S.D. N.Y.1980). The existence of this executory contract distinguishes this case from *In re Hill,* 19 B.R. 375, 9 B.C.D. 53 (Bkrtcy.N.D. Tex.1982), relied upon by Appellants.

Accordingly, for the reasons stated, the judgment of the Bankruptcy Court is affirmed.

SO ORDERED.

---

2. Appellant contends that the contract was not executory because no performance remained due from Respondent. This view is clearly erroneous, however, since Respondent's continued payments (or, alternatively, forbearance from terminating payments) constituted performance that remained due at the time of the petition.