In re Charles Lee CAREY, Jr. a/k/a Charles L. Carey, Jr. f/d/b/a Mobile Home & RV Repair, Debtor.

UNITED STATES of America, Plaintiff,

v.

Charles Lee CAREY, Jr., Defendant.

Bankruptcy No. 83–40519.
Adv. No. 83–0321.

United States Bankruptcy Court,
D. Kansas.

Dec. 28, 1983.

Russell Kaufman, Asst. U.S. Atty., D. Kan., Kansas City, Kan., Kimberly J. Hensel, Kansas City, Mo., and Paul P. Cacioppo, Regional Atty., Region VII, Dept. of Health and Human Resources, Kansas City, Mo., for SSA.

Frederick J. Patton, Topeka, Kan., for debtor.

## MEMORANDUM OF DECISION

JAMES A. PUSATERI, Bankruptcy Judge.

In this chapter 13 proceeding, the Social Security Administration (SSA) has filed a motion for summary judgment alleging a debt owed to it by the debtor is exempt from bankruptcy discharge.

The issue presented for determination is:

Does 42 U.S.C. § 407 exempt SSA from the operation of the Bankruptcy Code.

Briefs have been submitted and the Court is ready to rule.

## FINDINGS OF FACT

The following facts are asserted by the Social Security Administration as uncontroverted, in support of the instant motion for summary judgment:

Defendant, Charles Lee Carey, was a recipient of disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* Defendant returned to work in August, 1974. The Social Security Administration (SSA) had no notice of this work activity until December 1974 when the SSA contacted defendant to fill out a questionnaire requesting current medical evidence as to whether his condition continued to prevent him from working. In June 1975, the SSA determined that Mr. Carey regained the ability to perform substantial gainful activity in August 1974 when he returned to work. He was entitled to receive benefits through October 1974[1] However, Mr. Carey received $272.40 for each month from November 1974 through May 1975 and $294.20 for each month from June 1975 through December 1975 creating an overpayment of $3,966.20. Mr. Carey returned two checks of $287.50 each [The discrepancy between the amount of the checks issued and the amount of the two returned checks is not explained in the Stipulation.] and made refunds totaling $2,378.70, leaving an unsatisfied indebtedness of $1,012.50.

On June 16, 1983, defendant filed a petition in bankruptcy under Chapter 13 of the Bankruptcy Code. On September 16, 1983, plaintiff filed a Complaint to Determine Dischargeability and for Judgment alleging that the debt owed the SSA is not dischargeable in bankruptcy pursuant to 42 U.S.C. § 407, as amended by Pub.L. No. 98–21, § 335, or alternatively, pursuant to 11 U.S.C. § 523(a)(2). Plaintiff also filed a Motion for Relief from Automatic Stay. Because the determination of whether the debt is not dischargeable pursuant to 42 U.S.C. § 407

---

1. The law provides that benefits shall end with the second month following the month in which the individual's disability ceases. See 42 U.S.C. § 423(a)(1).

does not depend on any controverted facts, this issue should be resolved by a motion for summary judgment.

On September 22, 1983, defendant answered the complaint. He specifically denied every numbered paragraph of the complaint. He alleged that 42 U.S.C. § 407 does not prevent a social security debt from being discharged. He also alleged that he did not commit any acts or omissions that would prevent discharge under 11 U.S.C. § 523(a)(2). [The Court additionally finds that a confirmation order was entered on September 13, 1983.]

## CONCLUSIONS OF LAW

Section 207 of the Social Security Act, 42 U.S.C. § 407, provides:

**§ 407. Assignment**

**(a) Inalienability of right to future payments**

The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy insolvency law.

**(b) Inamendability of section by inference**

No other provision of law, enacted before, on or after the date of the enactment of this section, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express references to this section.

The legislative history of subsection (b) states:

Section 336: Nonassignability of benefits

Since 1935 the Social Security Act has prohibited the transfer or assignment of any future social security or SSI benefits payable and further states that no money payable or rights existing under the Act shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

Based on the legislative history of the Bankruptcy Reform Act of 1978, some bankruptcy courts have considered social security and SSI benefits listed by the debtor to be income for purposes of a Chapter XIII bankruptcy and have ordered SSA in several hundred cases to send all or part of a debtor's benefit check to the trustee in bankruptcy.

Your Committee's bill specifically provides that social security and SSI benefits may not be assigned notwithstanding any other provisions of law, including P.L. 95–598, the "Bankruptcy Reform Act of 1978." This provisions would be effective upon enactment.

H.R.Rep. No. 98–25 Pt. 1, 98th Cong. 1st Sess. 82–83 (1983), reprinted in 2 U.S.Code Cong. & Admin.News [May, 1983] 301–02. See also H.R.Conf.Rep. No. 98–47, 98th Cong., 1st Sess. 153, reprinted in 2 U.S.Code Cong. & Admin.News [1983] 443. Despite the clarity of § 407 and its limited applicability to assignments of future payments, and despite the clear 1983 legislative history reinforcing that social security benefits cannot be assigned in bankruptcy proceedings, SSA contends that § 407 provides SSA a wholesale exemption from the bankruptcy laws. Thus, SSA argues debts in the form of overpayments owed to it by a debtor are not dischargeable in bankruptcy. This is an argument made time and time again by SSA. In each published decision on the issue, SSA's argument has been soundly rejected. But, like the boxer who needs to be knocked out one more time to convince him that he should no longer seek to earn a living as a pugilist, SSA is back in court again with the same argument.

In *Neavear v. Schweiker (In Re Neavear)*, 674 F.2d 1201 (7th Cir.1982), the circuit court stated:

By its terms, section 207 [42 U.S.C. § 407] is concerned with the protection of social security benefits from the reach of creditors. Since 1963, however, the SSA has interpreted this provision more expansively. Social Security Ruling SSR 63–7 (1963). The SSA believes that the reference in section 207 to "rights existing

under this subchapter" embraces not only the rights of social security recipients but also the rights of the agency itself—including the SSA's right to recoup overpayments under section 204, 42 U.S.C. § 404 (1976). The SSA asserts, therefore, that Congress in section 207 conferred upon it a total exemption from the operation of all bankruptcy laws.

In support of the SSA's interpretation of section 207, the Secretary relies solely on the language of the statute. He offers no reasons of policy to explain why Congress supposedly gave the SSA rights enjoyed by no other creditor, and he does not point to any legislative history supporting his sweeping interpretation. Above all, however, the Secretary's argument must fail because it asks us, in construing the reference to "rights" in section 207, to disregard the surrounding text. Section 207 speaks throughout in terms of the rights of social security *recipients* (the rights to "future payment," and to "moneys paid or payable") and the protection of their *benefits* from the reach of creditors (through "execution, levy, attachment, garnishment, or other legal process"). The exemption from "the operation of any bankruptcy or insolvency law" (which should be construed as parallel to the preceding forms of legal process) simply closes off what would otherwise be an additional avenue for creditors to satisfy their claims from the social security benefits of the debtor. Thus, section 207 deals only with the protection of social security benefits from creditor action. *The Secretary's interpretation of the section turns the statute on its head, since this interpretation would transform a provision designed to protect social security recipients from creditors into a provision conferring super-creditor status on the SSA.* We thus conclude that section 207 provides an exemption from the bankruptcy laws only for the benefits of social security recipients, and does not operate to prevent a debtor from obtaining a discharge of a debt owed to the SSA because of an overpayment.

674 F.2d at 1205–06 (emphasis added). This Court is in total agreement with the seventh circuit's analysis. So is every other court that has ruled.

In *French v. United States Social Security Administration (In Re French),* 20 B.R. 155, 9 BCD 216, 6 CBC2d 870 (Bkrtcy.D.Or. 1982), the court stated:

> The government's interpretation of 42 U.S.C. § 407 takes the statute out of context and is an improper attempt to fashion a shield into a sword to be used against the intended beneficiary of the law.

20 B.R. at 156. Accord, *Hawley v. United States (In Re Hawley),* 23 B.R. 236, 9 BCD 921, 7 CBC2d 396 (Bkrtcy.E.D.Mich.1982); *Rowan v. Morgan,* 15 B.R. 834, 8 BCD 549, 5 CBC3d 1008 (Bkrtcy.N.D.Ohio 1981); *Gutierrez v. Schweiker (In Re Gutierrez),* 15 B.R. 268 (D.C.N.D.Ill.1981). See also *Lee v. Schweiker (In Re Lee),* 25 B.R. 135 (Bkrtcy. E.D.Pa.1982); *In Re Dartmouth House Nursing Home, Inc.,* 24 B.R. 256, 9 BCD 954 (Bkrtcy.D.Mass.1982).

The legislative history of the bankruptcy code states:

> all nondischargeable debts should be enumerated in Section 523 of title 11.

124 Cong.Rec. S17425 (daily ed. Oct. 6, 1978) (remarks of Sen. DeConcini); 124 Cong.Rec. H 11,108 (daily ed. Sept. 28, 1978) (remarks of Rep. Edwards). Each court addressing this issue has uncategorically stated that the Bankruptcy Code alone determines which debts are excepted from discharge. As the seventh circuit noted:

> Section 207 is similar to other statutes that remove government benefits from the reach of creditors. See, e.g., 5 U.S.C. § 8130 (1976); 33 U.S.C. § 775 (1976); 38 U.S.C. § 770(g) (1976); 38 U.S.C. § 3101 (1976); 42 U.S.C. § 1717 (1976). Other statutes that expressly conferred on government agencies in their role as creditors an exemption from discharges in bankruptcy, however, were repealed when the Bankruptcy Code was enacted. See 20 U.S.C. § 1087–3 (1976) repealed by Pub.L. No. 95–598, Title III, § 317, 92 Stat. 2678 (1978); 42 U.S.C. § 294f(g)

(1976) repealed by Pub.L. No. 95–598, Title III, § 327, 92 Stat. 2679 (1978); 42 U.S.C. § 656(b) (1976), repealed by Pub.L. No. 95–598, Title III, § 328, 92 Stat. 2679 (1978). Although not conclusive, the fact that Congress did not repeal section 207 when these other statutes granting exceptions to discharge were repealed is some evidence that Congress never regarded section 207 as rendering social security overpayment debts nondischargeable.

*In Re Neavears,* 674 F.2d supra at 1206, n. 14.

SSA argues:

> Since its inception in 1935, the Social Security Act has contained a clear, unambiguous and uncompromising provision which entirely exempts the Title II program ... from the effect of any bankruptcy law.

(SSA brief at 4). This Court, however, agrees with the seventh circuit's disposition of this argument:

> Although the Secretary in his petition for rehearing contends that his reading of the statute is supported by the language of section 207, we believe that our · interpretation of the section is firmly based on its plain meaning. Neither party in this case was able to locate any legislative history relevant to the present issue.

*In Re Neavears,* 674 F.2d supra at 1206, n. 13. In addition, in its brief filed with this Court, SSA improperly manipulates the meaning of § 407 by failing to quote both the title of the statute, the subtitle of each subsection, and the first phrase of § 407(a) indicating that the rights of recipients, and not SSA are the subject of § 407. See SSA brief at pgs. 4–6.

Next, SSA argues that because it has made an administrative construction that overpayment debts are not dischargeable, this Court must give "great weight" to SSA's interpretation. Unfortunately for SSA, upon reviewing the statute and the legislative history, its interpretation is clearly wrong. Unfortunately for SSA, the bankruptcy court, and not SSA was conferred the power by Congress to rule on the dischargeability of debts where there is alleged fraudulent conduct, trust duties or intentional torts. See 11 U.S.C. § 523(c); § 523(a)(2), (4), (6); 28 U.S.C. § 1471; H.R. Rep. 595, 95th Cong., 1st Sess. 262 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. Thus, SSA's "administrative construction" of whether its claim can be discharged in bankruptcy is a construction it does not have the power to make; SSA's asserted "administrative practice" of believing that its debts cannot be discharged in bankruptcy is nothing more than an *agency argument.* It cannot be an *agency practice* because in this instance only the bankruptcy court determines whether debts are discharged. Unfortunately for SSA, despite the fact that SSA "has consistently maintained the position" that its debts are not discharged in bankruptcy, the courts have consistently held otherwise. Accordingly, this Court, too, rejects SSA's argument, position and administrative practice, and in doing so does not give "great weight" to SSA's position, but rather gives SSA's position the weight to which its argument is entitled.

In this Court's opinion, SSA's argument borders on the spurious. Taking SSA's argument to its logical conclusion, if SSA is exempt from all provisions of the bankruptcy code, it is not subject to the automatic stay of § 362, not subject to the effects of discharge pursuant to § 524, not subject to the setoff restrictions of § 553, and can never be the subject of a preference action pursuant to § 547, or any other transfer avoidance by the trustee. This is absurd. Unlike the specific exemption for H.U.D. under § 362(b)(7), there are no exemptions in the bankruptcy code for SSA, other than generally under § 362(b)(4). As the court in *In Re Neavear* stated:

> Not even the Internal Revenue Service has been accorded the favorable treatment in bankruptcy that the SSA now contends it was granted. Under the Bankruptcy Code, tax claims generally receive a sixth priority, 11 U.S.C. § 507(a)(6) (Supp. III 1979), and are nondischargeable only if they fall within the

limited exceptions of section 523, 11 U.S.C. § 523 (Supp. III 1979).

674 F.2d supra at 1205, n. 11.

Finally, SSA argues that the amendment to § 407 adding subsection (b) somehow indicates SSA is exempt from the operation of the Bankruptcy Code. This ignores the specific legislative history, clearly and plainly setting forth that § 407 prohibits the chapter 13 trustee from issuing a pay order to the SSA to fund a chapter 13 plan. Discharge is not even mentioned. Even though the amendment was passed after *In Re Neavear* was decided, the case is not mentioned and its holding is not discussed or even alluded to.

The § 407 provisions in no way conflict with the bankruptcy discharge provisions, because before, during and after the amendment to 42 U.S.C. § 407 it never did and does not now address itself or purport to address itself to the issue of bankruptcy discharge.

In sum, the Court rejects SSA's argument. The Court finds SSA's position unreasonable, ill-founded and ungrounded. SSA's brief never accurately quotes § 407(a), and fails to address, cite or mention the many other cases rejecting their position. The Court holds the debt is dischargeable as any other debt would be under chapter 13, and suggests SSA consult this Court's holding in *In Re Ali,* 33 B.R. 890, 11 BCD 57 (Bkrtcy.D.Kan.1983), and 11 U.S.C. §§ 1327, 1328 to determine its rights in chapter 13 after confirmation of a plan.

The foregoing constitutes Findings of Fact and Conclusions of Law under Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.