**In re Doneta Jean BROWN, Debtor.**

**UNITED STATES of America, Plaintiff,**

v.

**Doneta Jean BROWN, Defendant.**

**Bankruptcy No. 82–20590.**
**Adversary No. 83–0252.**

United States Bankruptcy Court,
D. Kansas,
at Kansas City.

July 27, 1984.

Doneta Jean Brown, pro se.

Janice Miller Karlin, Asst. U.S. Atty., Kansas City, Kan., for plaintiff.

Timothy J. Carmody, Olathe, Kan., for debtor/defendant.

Joseph H. McDowell, Kansas City, Kan., Trustee.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Bankruptcy Judge.

This matter came on for hearing on March 19, 1984, on the United States' Complaint to determine dischargeability of debt pursuant to Section 207 of the Social Security Act, 42 U.S.C. § 407, as amended by Pub.L. No. 98–21, § 335, and on debtor/defendant's summary judgment motion, and on what the plaintiff described as its cross-motion for summary judgment. Debtor/defendant Doneta Jean Brown, appeared by and through her attorney Timothy J. Carmody. The United States appeared by Assistant United States Attorney Janice Miller Karlin, and trustee Joseph H. McDowell appeared pro se. The parties waived oral argument and agreed that the issue would be submitted to the Court on the pleadings. The matter is ready for determination.

### FINDINGS OF FACT

Based on the pleadings, memoranda in support of the parties' motions, and the file herein, the Court finds as follows:

1. That this Court has jurisdiction over the parties and the subject matter; and that venue is proper.

2. That debtor/defendant was awarded widow's insurance benefits effective April, 1981, pursuant to section 202(e)(1) of Title II of the Social Security Act (42 U.S.C. § 402(e)(1)).

3. That because she worked and received earnings in excess of the amount the Social Security Act allows a beneficiary to receive without reducing benefits, Ms. Brown was not entitled to benefits for the months of April through December, 1981, pursuant to section 203(b) of the Social Security Act, (42 U.S.C. § 403(b)).

4. That because debtor/defendant was not notified until September, 1981, that she was no longer eligible for benefits, the Social Security Administration (hereinafter referred to as "SSA") waived repayment of $610.40 in benefits she had received from

April through August, 1981. She was, however, determined to be at fault in causing an overpayment of $1,120.80 in benefit checks received from September through December, 1981. The SSA found she was responsible for repayment of that amount, and Ms. Brown did not appeal the agency's decision.

5. That Doneta Brown filed a Chapter 13 petition on June 24, 1982.

6. That Ms. Brown submitted an amended petition and plan on August 17, 1982. The plan, approved by the Court on September 21, 1982, provided that the SSA would be paid 35%, or $392.28 of its $1,120.80 claim.

7. That the United States filed a Complaint to determine dischargeability of this debt on December 8, 1983, alleging the remaining 65% of Ms. Brown's debt to the SSA is not dischargeable. According to plaintiff, debts owed SSA are not subject to operation of the Bankruptcy Code. The United States cites section 207 of the Social Security Act, 42 U.S.C. § 407, as amended by Pub.L. No. 98–21, § 335, as authority for its contention.

8. That debtor/defendant filed a Motion for summary judgment on February 23, 1984, alleging that the portion of her debt not paid the SSA through her Chapter 13 plan is dischargeable. The United States filed what it described as a cross-motion for summary judgment, on March 9, 1984.

## ISSUE OF LAW

WHETHER A DEBT TO THE SSA ARISING FROM OVERPAYMENT OF SOCIAL SECURITY BENEFITS IS NONDISCHARGEABLE BY VIRTUE OF 42 U.S.C. § 407, AS AMENDED BY PUB.L. NO. 98–21, § 335.

## CONCLUSIONS OF LAW

Title II of the Social Security Act establishes a program of benefit payments for retired and disabled workers, their dependents, and survivors of deceased workers. The statute includes a provision which enables the Secretary of Health and Human Services to recover overpayments made to persons who were not entitled to them, or who were entitled to a smaller amount. Specifically, 42 U.S.C. § 404(a)(1) provides in pertinent part:

"§ 404. Overpayments and underpayments

(a) Procedure for adjustment or recovery.

*Whenever the Secretary finds that more or less than the correct amount of payment has been made to any person under this subchapter, proper adjustment or recovery shall be made, under regulations prescribed by the Secretary, as follows:*

*(1) With respect to payment to a person of more than the correct amount, the Secretary shall decrease any payment under this subchapter to which such overpaid person is entitled, or shall require such overpaid person or his estate to refund the amount in excess of the correct amount, or shall decrease any payment under this subchapter payable to his estate or to any other person on the basis of the wages and self-employment income which were the basis of the payments to such overpaid person, or shall apply any combination of the foregoing.*"

Following a determination by the SSA that overpayment has occurred, the recipient is required to refund the excess of the correct amount unless she is without fault in receiving overpayments or if recovery would be against equity and good conscience. 42 U.S.C. § 404(b). An overpaid individual has a right to an administrative review of the overpayment determination, 20 C.F.R. §§ 404.900 et seq. (1983), and a subsequent judicial review of the administrative decision, 42 U.S.C. § 405(g). In this case, debtor/defendant did not appeal the administrative decision that she was liable for an overpayment of $1,120.80, and she does not dispute the debt. When Ms. Brown filed her bankruptcy petition, she classified the liability to SSA as an unsecured debt and provided for 34% repayment through her chapter 13 plan. The SSA contends that the 65% of the debt which

would be discharged in bankruptcy is non-dischargeable by virtue of 42 U.S.C. § 407, as amended by Pub.L. No. 98–21, § 335.

Section 407 of the Social Security Act, entitled "Assignment", reads as follows:

"407. Assignment

(a) Inalienability of right to future payments

*The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.*

(b) Inamendability of section by inference

*No other provision of law, enacted before, on, or after the date of the enactment of this section, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section."*

Public Law 98–21, § 335, which amends § 407, states in pertinent part:

"NONASSIGNABILITY OF BENEFITS

*Sec. 335.    (a) Section 207 of the Social Security Act is amended—*

*(1) by inserting '(a)' before "The right'; and*

*(2) by adding at the end thereof the following new subsection: '(b) No other provisions of law, enacted before, on, or after the date of the enactment of this section, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section."*

The SSA alleges that the plain meaning of 407, as amended, is that the Secretary's right to recoup an overpayment of social security benefits cannot be discharged in bankruptcy. The Court finds that the SSA's contentions are wholly without merit and rules with majority of courts which have addressed the issue, and rejects the SSA's contentions. The scope of § 407 is limited to the protection of social security benefits from creditor action and does not except the SSA from the bankruptcy laws. *In re Carey,* 36 B.R. 194, 10 C.B.C.2d 385 (Bkrtcy.D.Kan.1983); *In re Neavear,* 674 F.2d 1201 (7th Cir.1982); *In re Hawley,* 23 B.R. 236, 9 B.C.D. 921, 7 C.B.C.2d 396 (Bkrtcy.E.D.Mich.1982); *Rowan v. Morgan,* 15 B.R. 834, 8 B.C.D. 549, 5 C.B.C.2d 1008 (Bkrtcy.N.D.Ohio 1981); *In re Gutierrez,* 15 B.R. 268 (D.C.N.D.Ill.1981). See also *In re Lee,* 25 B.R. 135 (Bkrtcy.E.D.Pa. 1982); *In re Dartmouth Nursing Home, Inc.,* 24 B.R. 256, 9 B.C.D. 954 (Bkrtcy.D. Mass.1982).

In rejecting the SSA's arguments, this Court is especially influenced by the language of the statute, its legislative history, and by the reasoning of the seventh circuit in *In re Neavear,* 674 F.2d 1201 (7th Cir. 1982) and of Judge James A. Pusateri of this district in *In re Carey,* 36 B.R. 194, 10 C.B.C.2d 385 (Bkrtcy.D.Kan.1983).

The Legislative history of § 407 advises that the purpose of the section was to specify that social security benefits may not be assigned to the trustee when the benefit recipient files bankruptcy. Legislative history of § 407(b) states as follows:

*"Section 336: Nonassignability of benefits.*

*'Since 1935 the Social Security Act has prohibited the transfer or assignment of any future social security or SSI benefits payable and further states that no money payable or rights existing under the Act shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.*

*'Based on the legislative history of the Bankruptcy Reform Act of 1978, some bankruptcy courts have considered social security and SSI benefits listed by the debtor to be income for purposes of a Chapter XIII bankruptcy and have ordered SSA in several hundred cases to send all or part of a debtor's benefit check to the trustee in bankruptcy.*

*'Your Committee's bill specifically provides that social security and SSI benefits may not be assigned notwithstanding any other provisions of law, including P.L. 95–598, the 'Bankruptcy Reform Act of 1978.' This provision would be effective upon enactment.'*

H.R.Rep. No. 98–25 Pt. 1, 98th Cong. 1st Sess. 82–83 (1983), reprinted in 2 U.S. Code Cong. & Admn.News [May, 1983] 301–02. See also H.R.Conf.Rep. No. 98–47, 98th Cong., 1st Sess. 153, reprinted in 2 U.S.Code Cong. & Admin.News [1983] 443."

In *In re Neavear*, 674 F.2d 1201, 1205 (7th Cir.1982), the court stated:

*"By its terms, section 207 [42 U.S.C. § 407] is concerned with the protection of social security benefits from the reach of creditors. Since 1963, however, the SSA has interpreted this provision more expansively. Social Security Ruling SSR 63–7 (1963). The SSA believes that the reference in section 207 to 'rights existing under this subchapter' embraces not only the rights of social security recipients but also the rights of the agency itself—including the SSA's right to recoup overpayments under section 204, 42 U.S.C. § 404 (1976). The SSA asserts, therefore, that Congress in section 207 conferred upon it a total exemption from the operation of all bankruptcy laws.*

*"In support of the SSA's interpretation of section 207, the Secretary relies solely on the language of the statute. He offers no reasons of policy to explain why Congress supposedly gave the SSA rights enjoyed by no other creditor, and he does not point to any legislative history supporting his sweeping interpretation. Above all, however, the Secretary's argument must fail because it asks us, in construing the reference to 'rights' in section 207, to disregard the surrounding text. Section 207 speaks throughout in terms of the rights of social security recipients (the rights to 'future payment,' and to 'moneys paid or payable') and the protection of their benefits from the reach*

*of creditors (through 'execution, levy, attachment, Garnishment, or other legal process'). The exemption from 'the operation of any bankruptcy or insolvency law' (which should be construed as parallel to the preceding forms of legal process) simply closes off what would otherwise be an additional avenue for creditors to satisfy their claims from the social security benefits of the debtor. Thus, section 207 deals only with the protection of social security benefits from creditor action. The Secretary's interpretation of the section turns the statute on its head, since this interpretation would transform a provision designed to protect social security recipients from creditors into a provision conferring super-creditor status on the SSA. We thus conclude that section 207 provides an exemption from the bankruptcy laws only for the benefits of social security recipients, and does not operate to prevent a debtor from obtaining a discharge of a debt owed to the SSA because of an overpayment.* (emphasis added)"

This Court is in complete accord with Judge Pusateri when he stated, *"This court is in total agreement with the seventh circuit's analysis. So is every other court that has ruled."* In re Carey, 36 B.R. 194, 10 C.B.C.2d 385 (Bkrtcy.D.Kan. 1983).

The Court concludes that § 407 of the Social Security Act, as amended, has no impact on dischargeability of debts under the Bankruptcy Code. According to the Code's legislative history, all non-dischargeable debts should be enumerated in section 523 of Title 11 United States Code. 124 Cong.Rec. § 17425 (daily ed. Oct. 6, 1978) (remarks of Sen. DeConcini); 124 Cong.Rec. H11,108 (daily ed. Sept. 28, 1978) (remarks of Rep. Edwards). Section 407 of the Social Security Act does not, and could not, address itself to the issue of dischargeability of a debt under the Bankruptcy Code.

IT IS THEREFORE, BY THE COURT, ORDERED AND ADJUDGED That the debtor/defendant's Motion for summary judgment is sustained.

IT IS FURTHER, BY THE COURT, ORDERED That the plaintiff's motion for summary judgment be and the same is hereby denied.

IT IS FURTHER, BY THE COURT, ORDERED That it is in the best interest of all parties that attorney fees not be awarded to the defendant's attorney.