**In re Larry McCOY and Marcia McCoy, Debtors.**

**Larry McCOY, Plaintiff,**

**v.**

**CATERPILLAR COMPANY, Defendant.**

**Bankruptcy No. 86–80054.**
**Adv. No. 86–8166.**

United States Bankruptcy Court, C.D. Illinois.

Oct. 10, 1986.

As Amended Oct. 28, 1986.

James S. Brannon, Peoria, Ill., for plaintiff.

Steven C. Hoffman, Caterpillar Inc., Peoria, Ill., for defendant.

## DECISION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

Plaintiff, Larry McCoy, (Debtor) brings this adversary proceeding against Caterpillar Company [1] (Caterpillar) for an alleged violation of the automatic stay resulting from Caterpillar's deduction of funds from the Debtor's pay checks during the bankruptcy proceedings. The Debtor seeks both actual and punitive damages.

The parties agreed the matter was to be decided without a hearing on the basis of stipulations and written briefs.

In December, 1985, the Debtor, an employee of Caterpillar, was transferred from a management position to hourly payroll status. In the process, the Debtor was inadvertently overpaid in the amount of $582.54. Caterpillar recovered the overpayment by deducting $50.00 per week from the Debtor's paycheck, beginning on January 5, 1986. That check covered the pay period from December 30, 1985, through January 5, 1986. The Debtor filed a bankruptcy petition on January 9, 1986, listing on his schedules Caterpillar as a creditor. Caterpillar continued the deductions of $50.00 until March 23, 1986, when the entire amount overpaid was recovered.

Caterpillar has no record of receiving any notice from the bankruptcy court. Caterpillar first learned of the bankruptcy on March 21, 1986, when it was contacted by the Debtor's attorney. According to Caterpillar's records, written notice of the Debtor's bankruptcy was not received until after March 24, 1986.[2]

1. The Defendant's correct corporate name is "Caterpillar Inc.".

2. These facts are taken from the parties' stipulation. Caterpillar is listed on the mailing matrix

The Debtor contends that Caterpillar improperly set-off a pre-petition obligation against a post-petition obligation. Caterpillar, on the other hand, maintains that it did not impermissibly set-off the funds under Section 553 of the Bankruptcy Code, but rather, that it was entitled to "recoup" the previous overpayment.

The doctrines of set-off and recoupment are both recognized in bankruptcy law. They are independent and distinct.

"A set-off under Code Section 553 involves mutual debts or mutual credits between the estate of a debtor and a creditor whereby claims arising out of different transactions or occurrences are offset. (Citations omitted.)

Recoupments, unlike set-offs, do not involve the concept of mutuality of obligations and arise out of the same transaction rather than out of different transactions. As stated in 4 *Collier on Bankruptcy,* Par. 553.03, at 553.12 (15th Ed. 1981):

'Recoupment ... is the setting up of a demand arising from the same transaction as the plaintiff's claim or cause of action, strictly for the purpose of abatement or reduction of such claim ... the defendant should be entitled to show that because of matters arising out of the transaction sued on, he is not liable in full for the plaintiff's claim. *There is no element of preference here or of an independent claim to be offset, but merely an arrival at a just and proper liability on the main issue, and this would seem permissible without any reference to former Section 68, or to Section 553(a).'* In re Yonkers Hamilton Sanitarium, Inc., .22 B.R. 427 (Bkrtcy.S.D.N.Y. 1983), aff'd 34 B.R. 385 (S.D.N.Y.1983). (Emphasis in original)."

Bankruptcy courts have applied the doctrine of recoupment primarily where the claims arise out of the same contract. *Lee v. Schweiker,* 739 F.2d 870 (3d Cir.1984). Caterpillar, attempting to come within this rule, argues that both the overpayment and the future wage payments which it reduced were made pursuant to the same contract. Caterpillar relies on *Yonkers, supra* and *In re Midwest Service and Supply Co., Inc.,* 44 B.R. 262 (D.C.D.Utah 1983). In those cases, as in most other cases where the courts have allowed recoupment, either the applicable law or the contract at issue specifically provided for the recovery of overpayments previously received by withholding funds from future payments. *In re B & L Oil Co.,* 782 F.2d 155 (10th Cir.1986).

However, the Court in *B & L Oil* applied the doctrine of recoupment in the absence of such a provision. The debtor in that case had executed an oil division contract in favor of the plaintiff. The plaintiff thereby obtained the right to purchase unspecified amounts of oil provided by the debtor. Prior to the debtor's filing of a Chapter 11 petition, the plaintiff overpaid the debtor on two occasions. After the filing of the bankruptcy petition, the plaintiff withheld payments owed to the debtor for subsequent oil deliveries in order to recover the overpayments. The court rejected the plaintiff's contention that each purchase and delivery of the oil constituted a separate transaction for purposes of applying the recoupment doctrine, stating:

"The overpayments and the post-bankruptcy purchases of oil involved here are not as closely intertwined as the events in a situation in which a building owner resists paying the contract price because of a bankrupt contractor's deficient work. Further, [plaintiff's] overpayment is not 'essentially a defense' to [defendant's] current claims for payment on .post-bankruptcy deliveries; the obligations are easily separable and independently determinable.

Nevertheless, the instant case is analogous to other .bankruptcy cases in which recoupment has been allowed. The over-

payments under the division order are much like advance royalties to a writer or musician. They are similar to the Medicare overpayments to a hospital, which a court allowed to be 'recouped' against payments owed the hospital for patients it treated after filing Chapter 11 bankruptcy proceedings. *See, In re Yonkers Hamilton Sanitarium, Inc.*, 22 B.R. at 433. Although there the contracts expressly provided for repayment of advances or overpayments, application of an equitable doctrine should not depend on whether the parties expressly anticipated the problem." *In re B & L Oil Co.*, 782 F.2d 155, 158–59.

Noting that recoupment is applied as an equitable doctrine, the court concluded that as the plaintiff had paid the funds by mistake, allowing the debtor's other creditors to share in the money would give them a windfall.

This Court agrees with the reasoning of the court in *B & L Oil Co.* and holds that Caterpillar was entitled to recoup the wage overpayment. This Court is not swayed by the Debtor's plea for a fresh start. Permitting him to retain the wages which he had not earned would result in his unjust enrichment.

This Decision is to serve as findings of fact and conclusions of law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

### ORDER

For the reasons set forth in the Decision filed this day:

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED:

That the Complaint of the Plaintiff, Larry McCoy, is hereby DENIED, and judgment is entered in favor of the Defendant, Caterpillar Inc., (designated in the complaint as Caterpillar Company) and against the Plaintiff, Larry McCoy.