**GENERAL MOTORS CORPORATION,
Appellant,**

v.

**PERRY GAS COMPANIES,
INC., Appellee.**

**Civil Action No. H–02–684.**

United States District Court,
S.D. Texas.

June 24, 2002.

Patrick Drouilhet, Houston, TX, Brent Barriere and Hansel M. Harlon, New Orleans, LA, for Appellant.

Randall A. Rios, Houston, TX, for Appellee.

Opinion on Recoupment

HUGHES, District Judge.

1. *Facts.*

General Motors Corporation contracted in the fall of **1999** to buy natural gas for approximately two years from Perry Gas Companies, Inc. In the fall of **2000**, Perry filed bankruptcy. A few months later, Perry told GM that it could no longer supply gas and demanded $156,999 for gas it had already supplied. GM recouped from that amount the cost to cover the undelivered gas and plant downtime while it found another supply.

The bankruptcy court granted judgment to Perry for the full amount plus interest, disallowing GM's recoupment.

2. *Issue.*

■ Recoupment reduces a claim by means of a countervailing claim arising out of the same transaction. A setoff, on the other hand, is a countervailing claim arising out of reciprocal transactions. May GM's claim against Perry be recouped or must it be offset?

■ This classification is important, because bankruptcy law limits setoff, while it does not limit recoupment. *See Lee v. Schweiker* 739 F.2d 870, 875 (3rd Cir. 1984); *Frederick v. U.S.* 386 F.2d 481 (5th Cir.1967), *citing* 3 Moore, *Federal Practice,* § **13.02** at 8–9 (2d ed.**1966**); *In re Pennsylvania Tire Co.,* 26 B.R. 663, 675 (Bankr.N.D.Ohio 1982).

3. *Recoupment.*

■ Both Perry's claim on the account for gas supplied and GM's claim for cost of cover arise out of the identical gas contract. Although the claims arose at different times, both arose out of a single contract, and the times are coterminous. Multiple events—like periodic gas deliveries and consequential damages—may arise out of a single transaction, like a contract for sales or medical service. This contract is a single transaction; therefore, GM may recoup cost of cover from its account debt to Perry. *See In re Yonkers Hamilton*

**826**

*Sanitarium, Inc.,* 34 B.R. 385, 387 (S.D.N.Y.1983) (Medicare contract's overpayments recouped against current charges).

### 4. *Timing.*

Perry moved to dismiss because GM did not file its brief on time. GM's excuse is plausible and the delay did not harm Perry. Perry's motion will be denied.

### 5. *Conclusion.*

The order will be reversed, and this case will be remanded to the bankruptcy court to determine (a) whether plant downtime is recoverable under the terms of the contract, and (b) the amount cost of cover and, possibly, plant downtime that GM may recoup from its account debt to Perry. Perry's motion to dismiss will be denied.