**In re Randall B. NEAVEAR and Jacqueline L. Neavear, Debtor.**

**Randall B. NEAVEAR, Plaintiff,**

**v.**

**Richard S. SCHWEIKER in his official capacity as Secretary of Health and Human Services, Defendant.**

**Bankruptcy No. 180–00419.
Adv. No. 180–0212.**

United States Bankruptcy Court,
C. D. Illinois.

March 3, 1981.

James S. Brannon, Peoria, Ill., for plaintiff.

Janet Jannusch, Asst. U. S. Atty., Peoria, Ill., for defendant.

## DECISION

MAX J. LIPKIN, Bankruptcy Judge.

The Plaintiff and his wife filed a Joint Petition for Relief pursuant to the provision of Chapter 7 of Title 11, United States Code. In the Schedules filed with said Petition he listed a debt owing to the Social Security Administration in the amount of $19,818.10 resulting from overpayment to him of disability insurance benefits under Title II of the Social Security Act. (42 U.S.C. §§ 416(i) and 223).

The Plaintiff filed a Complaint in this Court against Richard S. Schweiker, in his official capacity as Secretary of Health and Human Services, alleging that the agency had failed and refused to pay him disability benefits to which he is currently entitled and praying for an Order that said debt is dischargeable and has been discharged.

Defendant filed an Answer which sets forth that the Plaintiff was overpaid Social Security Disability Insurance Benefits under Section 223 of the Social Security Act (42 U.S.C. Section 423) paid to him, his wife Jacqueline L. Neavear, the codebtor, and his children in the total aggregate sum of $19,818.10. Such determination was made by the defendant on February 26, 1980, after an administrative hearing.

The Answer further alleges that it discontinued payments of benefits to Plaintiff, his Wife and his Children in August 1978, thereby reducing the overpayment to Plaintiff to the amount of $11,407.20 as of June 30, 1980.

This action was taken as a result of a Decision of an Administrative Law Judge rendered February 26, 1980. A copy of said Decision is on file in these proceedings. The Judge found that Plaintiff's entitlement to a period of disability and disability insurance benefits terminated with the close of March 1976. The Judge also found that Plaintiff was entitled to another period of disability commencing on August 31, 1979 and to disability insurance benefits after that date.

Finally the Judge found that the recovery of the total overpayment of $19,818.10 is not waived under Section 204(b) of the Social Security Act, as amended.

Along with said Decision a Notice was mailed to Plaintiff that "Further Action Necessary" and advising Plaintiff that he had a right to request the Appeals Council to review the decision, within 60 days from the date of receipt of the notice of the decision.

This Notice also stated that if Plaintiff failed to make a timely request for review he may not obtain a court review of his case [Section 205(g), 1631(c)(3), or 1869(b) of the Social Security Act]. A copy of this notice is also on file in these proceedings.

The Plaintiff did not request a review of said decision by the Appeals Council, nor did the Appeals Council, on its own motion, review the decision which it has the right to do.

In its Answer the Defendant set up four (4) Affirmative Defenses as follows:

A. The overpayment is not a dischargeable Debt pursuant to Section 207 of The Social Security Act;

B. Plaintiff's Action is Barred for failure to exhaust his administrative remedies;

C. The Bankruptcy Court lacks jurisdiction because Defendant has not waived its Sovereign Immunity; and

D. Defendant is a secured creditor to the extent of its Statutory Right of Recoupment.

Plaintiff filed a Motion To Strike These Defenses without stating any grounds in support of the Motion.

Notwithstanding this fact the Court directed the parties to submit memorandums of law with respect to the issues joined in the Case.

### A.

■ The overpayment is not a dischargeable debt pursuant to Section 207 of the Social Security Act.

The overpayment in question is not a dischargeable debt so the Secretary may seek to recover it through set-off in the future if the debtor again became eligible for benefits under Title II. Congress expressly provided that payments under Title II, such as those involved in the overpayment, are not subject to bankruptcy or insolvency laws;

> The right of any person to any future payment under this title shall not be transferrable or assignable, at law or in equity, and *none of the moneys* paid or payable or *rights existing under this title shall be subject to* execution, levy, attachment, garnishment, or other legal process or *to the operation of any bankruptcy or insolvency law.* 42 U.S.C. § 407. (Emphasis added).

Under this section the Secretary can, if he deems it appropriate, set-off or take other collection action seeking to recover the overpayment without restraints of any bankruptcy law. The Bankruptcy Reform Act of 1978 did not amend let alone repeal 42 U.S.C. § 407. Congress went to great lengths to identify all those portions of the United States Code which it felt must be altered to mesh with the new Bankruptcy Code (Title III of the Bankruptcy Reform Act of 1978), and nowhere in the long list of amendments contained therein is there any mention of 42 U.S.C. § 407. Thus, that section is still the law of the land.

### B.

■ Plaintiff's Action is Barred for failure to exhaust his Administrative Remedies.

Plaintiff's Complaint to determine dischargeability of the overpayment of Social Security disability insurance benefits in effect seeks judicial review of Defendant's administrative determination without exhausting his administrative remedies.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides the procedure for judicial review of final administrative determinations by the Defendant. Furthermore, the regulations provide that Plaintiff was required to appeal his administrative determination to the Appeals Council before being entitled to judicial review. 20 C.F.R. § 404.901 *et seq.*

Because of Plaintiff's failure to exhaust his administrative remedies in accordance with the above-cited regulations, the Defendant's determination that the Plaintiff was "at fault" in causing the overpayment is binding.

### C.

■ This Court lacks jurisdiction because Defendant has not waived its Sovereign Immunity.

This debtor cannot sue the Secretary because there has been no waiver of sovereign immunity, even given 11 U.S.C. § 106, because the United States has not filed a proof of claim in the matter. The legislative history of section 106 makes it clear that there is a waiver of sovereign immunity only where the United States has filed a claim in bankruptcy. House Report N. 95–

595, 95th Cong., 1st Sess. 317 (1977); Senate Report No. 95–989, 2nd Sess. 29–30 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. Since the United States has not filed a claim, it has not waived sovereign immunity.

A waiver of sovereign immunity cannot be implied but must be unequivocally expressed. *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969). Unless Congress specifically provides for statutory consent, a Court is without jurisdiction to enter orders against the sovereign. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953–954, 47 L.Ed.2d 114 (1976).

### D.

In view of the fact that any one of the above three affirmative defenses is sufficient to decide the issues against the Plaintiff, the Court will not pass on the last affirmative defense.

### CONCLUSION

In view of the foregoing the Plaintiff's Motion to Strike is denied and the Court finds that the overpayment made to Plaintiff is not discharged by virtue of Plaintiff's Discharge heretofore entered in these proceedings.