**In re Bernard BERGER, Debtor.**

**Bankruptcy No. 81–00958–BKC–TCB.**

United States Bankruptcy Court,
S. D. Florida.

Dec. 16, 1981.

Bernard Rappaport, Miami, Fla., for debtor.

Ira F. Gropper, Asst. U. S. Atty., Miami, Fla., for U. S. Dept. of Health and Human Services.

Robert L. Roth, Miami, Fla., Trustee.

## ORDER WITH RESPECT TO CLAIM NO. 6 (GROUP HEALTH, INC./DEPARTMENT OF HEALTH AND HUMAN SERVICES)

THOMAS C. BRITTON, Bankruptcy Judge.

This chapter 13 petition was filed on June 23, 1981. The confirmation hearing on the debtor's plan has been continued indefinitely by Judge Gassen's order of July 24 (C.P.No. 7) at the debtor's request to resolve his controversy with the creditor identified above.

The debtor is a podiatrist who received before bankruptcy and presently receives substantial Medicare payments from the U. S. Department of Health and Human Services through its local disbursing agent, Group Health, Inc.

Before bankruptcy, the Secretary of the Department determined that the debtor had received $39,156 excessive overpayments and with the acquiescence of the debtor's then attorney, the government began in December, 1980, withholding $1,420 each month from current payments, applying these sums to the asserted overpayments. A total of $12,782 has been deducted from this account, leaving a balance of $26,373 in asserted overpayments.

■ The deductions continued to and through August, 1981. The debtor has moved for a contempt citation against both creditors under 11 U.S.C. § 362(a)(7). (C.P.No. 9). The application was heard on November 2. The application is denied, because the two creditors acted upon a plausible legal premise that continuation of the agreed adjustment was not prohibited by the automatic stay. *In re Monsour Medical Center*, 11 B.R. 1014, W.D.Penn.1981. I agree with the District Court's conclusion that the adjustments of current payments in accordance with the modified terms of the contractual agreement between the debtor and Group Health, Inc. do not violate the provisions of § 362. In any event, the government has voluntarily suspended withholding any sums pending determination of the pending dispute regarding its claim.

The debtor also seeks recovery of the sums withheld, $12,782.

■ The parties agree that a threshold issue here is whether this court has jurisdiction to question the Secretary's determination of the Medicare account in question here. Specifically, the government contends that 42 U.S.C. § 1395ff constitutes a limited waiver of immunity which precludes judicial review of the amount of payment made under "Part B". The payments involved in this instance fall in that category. Although there are some contrary decisions, this Circuit has twice sustained the government's position with respect, at least, to the jurisdiction of the District Court. *Bussey v. Harris*, 611 F.2d 1001 (5th Cir. 1980); *Pushkin v. Califano*, 600 F.2d 486 (5th Cir. 1979). I, of course, follow these decisions.

This presents the question whether 11 U.S.C. § 106(a), the limited waiver of sovereign immunity in bankruptcy cases, provides a waiver applicable here:

"A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental units' claim arose."

I conclude that § 106 was not intended to grant this court broader jurisdiction than had been granted the District Court to review the Secretary's determinations of Medicare payments. See the legislative history noted at *Collier on Bankruptcy* (15th ed.) ¶ 106.01 n.1.

The expansion of the Bankruptcy Court's jurisdiction under 28 U.S.C. § 1471 does not alter Congress' intent to limit reviewability of Medicare matters expressed by the clear

language of 42 U.S.C. § 405(h). It follows that this court lacks the authority to disturb the finality of the administrative determination which has resolved the issue of what sums are due under the contractual agreement.

The chapter 13 confirmation hearing which was continued by reason of the pendency of adversary proceedings and potential controversy involving the claim of the United States of America shall be reset.