In re Dennis James KLEIN and Cathy Ann Klein, Debtors.

PHOENIX INSTITUTE OF TECHNOLOGY, Appellant,

v.

Dennis James KLEIN and Cathy Ann Klein, Appellees.

BAP No. AZ 85–1129.
Bankruptcy No. B–85–757 PHX LO.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Submitted Nov. 20, 1985.

Decided Dec. 12, 1985.

Carmen A. Chenal, Hayt, Hayt & Landau, Phoenix, Ariz., for appellant.

Sheila A. Breecher, Charles, Smith & Bellah, P.C., Glendale, Ariz., for appellees.

Before ELLIOTT, ABRAHAMS and MEYERS, Bankruptcy Judges:

## OPINION

ELLIOTT, Bankruptcy Judge:

Phoenix Institute of Technology (P.I.T.) appeals the bankruptcy court order confirming the Chapter 13 plan of Dennis and Cathy Klein (debtors). P.I.T. holds an unsecured claim based on a National Direct Student Loan to Dennis Klein. P.I.T. argues that the plan should not be approved

because it provides for less than 100% repayment of its loan. We review *de novo* the bankruptcy court's order confirming the Chapter 13 plan because it involves only statutory interpretation. *Mirgon v. Howell (In re Howell)*, 638 F.2d 81, 82 (9th Cir.1980).

## ISSUE

Assuming that appellant's claim would not be dischargeable in a Chapter 7 case and that the debtor's plan will pay less than 100% of the creditor's claim, does the plan meet the requirement of § 1325(a)(4)[1] that creditors receive at least as much as they would receive in a liquidation? We hold that § 1325(a)(4) is satisfied and affirm.

## FACTS

The debtors' Chapter 13 plan provides that unsecured creditors with allowed claims receive *pro rata* shares of the debtors' monthly $75.00 payments over 36 continuous months. P.I.T. is an unsecured creditor with an allowed claim of $2,000.49. Under the proposed plan, P.I.T. would be paid approximately 22% of its claim. After completion of all payments provided for by the plan, the remaining unpaid, unsecured debts, including the balance of P.I.T.'s claim, would be discharged. § 1328(a).

P.I.T. filed a Proof of Claim and Rejection of Plan accompanied by a motion objecting to the confirmation of the Chapter 13 plan. P.I.T. claims the plan should not be approved because it violates one of the requirements of confirmation, i.e., P.I.T. would receive less under the Chapter 13 plan than it would under a Chapter 7 liquidation, in violation of § 1325(a)(4).

On June 13, 1985, at the second confirmation hearing, the bankruptcy court heard the trustee's recommendation of approval and P.I.T.'s objections to the plan. The court agreed with the trustee that if the Kleins complete the plan, the balance of P.I.T.'s claim would be discharged. The court then orally confirmed the Chapter 13

1. All references are to Title 11 of the United States Code.

plan and entered a written confirmation order on July 2, 1985.

P.I.T. filed a notice of appeal on June 24, 1985, after the court announced its decision but before it entered a written order. We treat this form of appeal as valid under Federal Bankruptcy Rule 8002(a). *Wood v. Walker-Pinkston Companies (Matter of Brickyard)*, 735 F.2d 1154 (9th Cir.1984).

### BEST INTEREST TEST

As a general rule, liabilities that are not dischargeable under § 523 may be discharged in Chapter 13. Section 1328; *see Matter of Gregory*, 705 F.2d 1118 (9th Cir. 1983) ($17,000 claim based on embezzlement dischargeable in Chapter 13).

■ In this case, P.I.T. raises an issue not discussed in *Gregory* and argues that, as to P.I.T., the plan does not meet the best interest of creditors test embodied in § 1325(a)(4) which provides, as a condition of confirmation, that:

> the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of this title on such date.

P.I.T. argues that § 523(a)(8) should be read together with § 1325(a)(4), resulting in a denial of confirmation of the debtor's plan. In *Duparquet Huot & Moneuse Co. v. Evans*, 297 U.S. 216, 218, 56 S.Ct. 412, 413, 80 L.Ed. 591 (1936); in construing provisions of the former Bankruptcy Act, Justice Cardoza stated:

> There is a need to keep in view also, the structure of the statute, and the relation, physical and logical, between its several parts.

Following the teaching of that case, we have no difficulty in reconciling § 523(a)(8), § 1325(a)(4) and § 1328.

Under Chapter 7, the debtor's non-exempt property is liquidated and the proceeds distributed to creditors pursuant to § 726. Section 726 does not provide any priority in payment to creditors holding a claim found to be not dischargeable under § 523(a). Therefore, P.I.T. would share pro rata with other unsecured, non-priority creditors in a Chapter 7 liquidation. The bankruptcy court determined that creditors would receive more under the plan than they would under Chapter 7 and that is all that § 1325(a)(4) requires.

Under the interpretation of the law urged upon us by P.I.T., no plan could be confirmed if a creditor held a nondischargeable claim unless that creditor is to receive 100% under the plan. But this interpretation would render § 1328 unnecessary and meaningless. Section 1328(a) provides that upon consummation of a plan all debts except any debt provided for under § 1322(b)(5) (not applicable here) and a debt for support and maintenance (not dischargeable under § 523(a)(5)), are discharged. Section 1328(b) provides that in the event of a "hardship discharge" (plan not completed due to circumstances for which the debtor should not justly be held accountable) the debtor receives a discharge except for debts not dischargeable under § 523.

P.I.T. alternatively proposed allowing full payment of its loan as part of the Chapter 13 proceeding, exempting its loan from the Chapter 13 proceeding, or converting this proceeding to a Chapter 7 liquidation proceeding. We need not address separately each theory as they all rest on the faulty assumption that P.I.T. is entitled to full repayment of its unsecured student loan.

■ As P.I.T. admits, no cases support its position and we find no reason to do so. Rather, we are persuaded by the cases P.I.T. does cite that a reasonable construction of the statute requires reading Chapter 13 discharge provisions separately from Chapter 7, *In re McAloon*, 44 B.R. 831, 835 (Bankr.Va.1984); *In re Dalby*, 38 B.R. at 111; *Matter of Hawkins*, 33 B.R. 908, 910 (Bankr.N.Y.1983); *United States v. Crawford (In re Crawford)*, 10 B.R. 815, 816 (Bankr.M.D.Ala.1981), and that Congress intended student loans to be dischargeable under Chapter 13, *e.g.*, *In re McAloon*, 44

B.R. at 836 n. 7; *Matter of Hawkins,* 33 B.R. at 910; *Powell v. Illinois (In re Powell),* 29 B.R. 346, 350–51 (Bankr.D.Colo. 1983); *In re Smith,* 8 B.R. 543, 545–7 (Bankr.D.Utah 1981).