In re ST. MARY HOSPITAL, Debtor.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services

v.

Roger B. HISER, Trustee.

Bankruptcy No. 88–11421S.

Civ. A. No. 90–5479.

United States District Court, E.D. Pennsylvania.

Jan. 15, 1991.

Virginia Powell, Asst. U.S. Atty., Jan M. Lundelius, Asst. Reg. Counsel, James C. Newman, Supervisory Asst. Reg. Counsel, Philadelphia, Pa., for Secretary.

David Fishbone, W. Thomas Berriman, Howard A. Kirkwood, Jr., Philadelphia, Pa., for trustee.

MEMORANDUM AND ORDER

DITTER, District Judge.

The question here is whether the court has jurisdiction because this is a bankruptcy matter or does not have jurisdiction because it is a Medicare dispute. This court has primary jurisdiction over all bankruptcy cases by reason of 28 U.S.C. § 1334. However, all Medicare cases must go through an elaborate administrative pro-

cess before the jurisdiction of the district court may be invoked, 42 U.S.C. § 405(h). Admittedly that administrative review has not taken place.

Before me is the motion of plaintiff Louis W. Sullivan ("Secretary"), the Secretary of Health and Human Services ("HHS"), to dismiss the counterclaim and request for turnover filed by Roger B. Hiser, the trustee for St. Mary Hospital. The Secretary contends that I have no subject matter jurisdiction over the trustee's counterclaim for declaratory relief and request for turnover and urges dismissal. Alternatively, the Secretary argues that I should invoke the doctrine of primary jurisdiction and refer the trustee's claims to the Secretary for final determination.[1] The trustee asserts jurisdiction is proper here under 28 U.S.C. § 1334.[2] I disagree with the trustee. I do not have subject matter jurisdiction over the trustee's claims and therefore, they must be dismissed.

FACTS

Many health care facilities (or "providers"), such as St. Mary Hospital, enter into a health provider agreement with the Secretary, 42 U.S.C. §§ 1395x(u) and 1395cc. That agreement entitles the provider to payment for the health care services it furnished to Medicare beneficiaries. 42 U.S.C. § 1395f(b). Under the Medicare program, the Secretary contracts with "fiscal intermediaries," who determine Medicare reimbursement due to individual providers. Reimbursement payments to providers are made on an interim basis throughout the fiscal year. Prior to the close of the fiscal year, a provider must submit a "cost report" for that year to the intermediary, which audits and reviews it. 42 U.S.C. § 1395h(a). The intermediary then issues a "Notice of Amount of Medi-

care Program Reimbursement," which is a report of the reimbursements allowed and any amounts due by either the provider or HHS taking into account the interim payments. 42 C.F.R. §§ 413.60, 405.1803. If dissatisfied with the intermediary's report, a provider may request a hearing before the Provider Reimbursement Review Board ("PRRB") within 180 days if the amount in controversy is over $10,000. 42 U.S.C. § 1395oo (a). The PRRB can adjust the intermediary's report after a consideration of the record or it may engage additional factfinding. 42 U.S.C. § 1395oo (d). A decision of the PRRB is final unless the Secretary alters the PRRB decision. 42 U.S.C. § 1395oo (f)(1). The provider has sixty days to appeal the final determination of the PRRB or the Secretary to the federal district court. 42 U.S.C. § 1395oo.

St. Mary filed a petition for bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Pennsylvania. Shortly thereafter, the Secretary filed in the bankruptcy court an adversarial complaint for declaratory relief.[3] In response, St. Mary's trustee filed a counterclaim for declaratory relief and a request for turnover. In particular, the trustee alleges the fiscal intermediary's reports for fiscal years 1987 and 1988 would have underreimbursed St. Mary for the services provided to Medicare beneficiaries during those two years. The trustee also appealed the intermediary's reports to the PRRB. The appeals are pending. In addition, the trustee submitted a provider statement for the period between July 1, 1988, and December 31, 1988, to the fiscal intermediary on June 5, 1989. He contends that St. Mary is owed significant amounts of money from Medicare. The intermediary's report

---

1. Because I find that jurisdiction over this dispute is lacking, there is no cause to reach the primary jurisdiction issue. Nevertheless, were I to reach the Secretary's argument that primary jurisdiction lies with Health and Human Services, I would agree with the Secretary and refer the trustee's claims to him for determination.

2. By previous order of May 11, 1990, I withdrew the bankruptcy reference pursuant to 28 U.S.C. § 157(d).

3. The adversarial complaint is no longer in issue. The sole remaining claims are those in issue in this matter. There is no contention that the filing of the adversarial complaint permits me to exercise my jurisdictional reach over the trustee's counterclaim. Similarly, the trustee does not argue that the filing of the adversarial complaint is a waiver of the Secretary's right to challenge this court's jurisdiction over any subsequent counterclaim.

was filed recently, but the trustee has not yet appealed it to the PRRB.

Before addressing the legal arguments, it is important to note what is not in conflict. The parties agree on these additional facts: the trustee has not exhausted his administrative remedies under the Medicare act; and, there is no dispute that the trustee's counterclaim and request for turnover arise in and relate to property of the debtor's estate under Title 11, 28 U.S.C. § 1334(a), (b), and (d), and constitute core proceedings because the debtor's estate asserted these claims against persons filing claims against the estate, 28 U.S.C. § 157(b)(2)(C) and (E). Thus, there is no question I would have jurisdiction over this matter, if this was not a Medicare reimbursement claim. Moreover, there is no dispute that section 405(h) would bar this suit if St. Mary's was not in bankruptcy because the trustee has not exhausted his administrative remedies under the Medicare act.

THE PARTIES' CONTENTIONS

The Secretary argues the counterclaim is premature because the trustee has not exhausted his administrative remedies under the Medicare statutes. Specifically, he asserts that 42 U.S.C. § 405(h), made applicable to Medicare claims by 42 U.S.C. § 1395ii, prohibits judicial review unless administrative remedies, as described in 42 U.S.C. § 1395oo, have been exhausted. *See, e.g., Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). Section 405(h) provides that:

> [t]he findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein pro-

vided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

In this instance, the Secretary maintains that the trustee's appeals to the PRRB must continue and the Secretary should be allowed to make his final determination as provided for in section 1395oo. The trustee counters that there is no exhaustion prerequisite for judicial review where, like here, the district or bankruptcy court has jurisdiction under 28 U.S.C. § 1334. *See, e.g., In re Shelby County Healthcare Services of AL, Inc.,* 80 B.R. 555 (Bankr.N.D. Ga.1987). He argues that section 405(h)'s bar to judicial review does not apply where the court has an independent jurisdictional basis.

Both of these arguments are compelling and have caused other courts to reach contrasting conclusions. *Compare In re Town & Country Home Nursing Services, Inc.,* 112 B.R. 329 (9th Cir.1990) *and Shelby* (bankruptcy jurisdiction not precluded by section 405(h)) *with In re Tidewater Memorial Hospital,* 106 B.R. 876 (Bankr.E. D.Va.1989) *and In re Berger,* 16 B.R. 236 (Bankr.S.D.Fla.1981) *and Clawson Medical, Rehabilitation and Pain Care Center, P.C.,* 12 B.R. 647 (E.D.Mich.1981) (bankruptcy jurisdiction precluded by section 405(h)). After careful consideration, I am persuaded that section 405(h) bars judicial review of a Medicare reimbursement claim unless all administrative remedies have been exhausted.

ANALYSIS

The sole contested issue is whether section 405(h) precludes review of a claim that is brought pursuant to this court's bankruptcy jurisdiction, 28 U.S.C. § 1334 [4]. The

---

4. Section 1334 provides in part:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclu-

sive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11....

(d) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate.

confusion over this issue arises from the third sentence of section 405(h):

> No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

Absent this sentence it would be clear that section 405(h) would bar this suit. For all claims arising under the Medicare act, judicial review would be precluded until all administrative remedies had been exhausted. The third sentence is there, however, and may seem to limit this bar to actions brought pursuant to federal question jurisdiction and actions brought against the United States and to permit actions brought pursuant to bankruptcy jurisdiction. However, things are not as they seem. To resolve this apparent ambiguity, I turn to section 405(h)'s legislative history.

When enacted in 1939, section 405(h) barred all actions brought pursuant to 28 U.S.C. § 41, including the grant of bankruptcy jurisdiction to the district court under section 41(19). *See* Social Security Act Amendments of 1939, Pub.L. No. 379, § 205(h), 53 Stat. 1360, 1371 (1939); 42 U.S.C. § 405(h) (1982) (codification note). Certainly, if this suit had been brought then, it would have been barred. When section 41 was replaced with the current jurisdictional provisions, sections 1331 to 1348, 1350 to 1357, 1359, 1397, 2361, 2401, and 2401 of Title 28, the council for the Office of Law Revision recommended to Congress that it modify section 405(h) to its present form. Congress adopted the proposed amendment in the Deficit Reduction Act of 1984, Subtitle D, Technical Corrections, using the following language: "section 205(h) [42 U.S.C. § 405(h) ] of such Act is amended by striking out 'section 24 of the Judicial Code of the United States' [codified as section 41 of Title 28] and inserting in lieu thereof 'section 1331 or 1346 of title 28, United States Code,'." Pub.L. No. 98–369, 98 Stat. 1162, § 2663(a)(4)(D). Congress also cautioned courts not to interpret

the "Technical Corrections" as substantive changes:

> [T]he amendments made by section 2663 shall be effective on the date of the enactment of this Act; *but none of such amendments shall be construed as or affecting any right, liability, status, or interpretation which existed (under the provisions of law involved) before that date.*

*Id.* at § 2664(b) (emphasis added). As the court in *Bodimetric Health Services v. Aetna Life & Casualty,* 903 F.2d 480, 489 (7th Cir.1990),[5] stated:

> In this section, Congress clearly expressed its intent not to alter the substantive scope of section 405(h). Because the previous version of section 405(h) precluded judicial review of diversity actions, so too must newly revised section 405(h) bar these actions. Any other interpretation of this section would contravene section 2664(b) by 'changing or affecting [a] right, liability, status, or interpretation' of section 405(h) that existed before the Technical Corrections were enacted.

Bankruptcy actions, like diversity actions, were barred under the prior codification of section 405(h) and remain so today.

Moreover, a broad reading of section 405(h) puts its interpretation in accord with Congress' intent to permit the Secretary in Medicare disputes to develop the record and base decisions upon his unique expertise in the health care field. The misfortune that a provider is in bankruptcy when he has a reimbursement dispute with the Secretary should not upset the careful balance between administrative and judicial review. There is no compelling reason to treat the bankrupt provider differently than any other provider. As the Supreme Court made clear in *Weinberger v. Salfi,* 422 U.S. 749, 762, 95 S.Ct. 2457, 2465, 45 L.Ed.2d 522 (1975), it must be remembered that section 405(h) does not foreclose judicial review of administrative decisions, but merely postpones judicial review until the

---

**5.** *Bodimetric* held that section 405(h) barred judicial review of diversity actions brought pursuant to 28 U.S.C. § 1332 despite the fact that that section is not literally within the purview of section 405(h).

carefully prepared administrative system is given an opportunity to work. The trustee's suggested reading of section 405(h) would make the administrative system superfluous. I conclude judicial review of claims relating to adverse reimbursement decisions asserted against the Secretary under any jurisdictional provision that previously fell within the scope of 28 U.S.C. § 41 is precluded.

The trustee cites two cases in support of his argument that section 405(h) does not apply to bankruptcy matters. *See In re Town & Country Home Nursing Services, Inc.*, 112 B.R. 329 (9th Cir.1990); *In re Shelby County Healthcare Services of AL, Inc.*, 80 B.R. 555 (Bankr.N.D.Ga.1987). In my judgment, however, both cases incorrectly conclude that bankruptcy "jurisdiction is independent of the type of judicial review contemplated in Section 1395*oo*(f)(1) and Section 405(h)." *Shelby*, 80 B.R. at 559. The legislative intent is exactly the opposite. Congress intended bankruptcy jurisdiction to fall within the breadth of section 405(h) preclusion.

Moreover, in my opinion, the *Shelby* court also incorrectly held that section 1334 "controls the determination of this court's jurisdiction." *Id.* at 560. The *Shelby* court ignored the "technical correction" of 405(h), which became effective eight days after the effective date of section 1334. Therefore, Congress' stated intent to retain the original, broad scope of section 405(h) was codified by the later-enacted statute and section 405(h), not section 1334, "controls the determination of this court's jurisdiction." *Id.*

For these reasons, I have no jurisdiction over the trustee's counterclaims and request for turnover, and therefore, they must be dismissed.