## In re UPSHER LABORATORIES, INC., Debtor.

**Bankruptcy No. 91–41658–2–11.**

United States Bankruptcy Court, W.D. Missouri.

Dec. 20, 1991.

Jonathan Margolies, Kansas City, Mo., for debtor.

Douglas S. Polsky, Special Asst. U.S. Atty., Kansas City, Mo., for I.R.S.

P. Glen Smith, Kansas City, Mo., for Creditors Committee.

Judith M. Strong, Asst. U.S. Atty., Kansas City, Mo., for U.S. Dept. of Health & Human Serv.

Shaun K. Baskett, Missouri Dept. of Revenue, Jefferson City, Mo., for State of Mo.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

This opinion will address the jurisdiction of this Court to hear the merits of a dispute between Upsher Laboratories, Inc., the Chapter 11 debtor, and the United States Department of Health and Human Services, Health Care Financing Administration ("HCFA"). The dispute centers around the existence and amount of an alleged overpayment of Medicare reimbursement funds to Upsher. The issue came before the Court on HCFA's motion to lift the automatic stay and allow HCFA to offset, under § 553, the overpayment from reimbursements due Upsher. In Upsher's objection to the lift stay motion, Debtor challenges the existence of the debt to HCFA. HCFA then raised the question of whether this Court has jurisdiction to hear the merits of the dispute over the underlying debt in the course of ruling on the HCFA lift stay motion.

## DISCUSSION

The bankruptcy court derives its jurisdiction from the interaction of §§ 157 and 1334 of title 28. Section 1334 confers broad jurisdiction on the district courts to decide a variety of issues which arise in the course of a bankruptcy case. The section provides:

(a) Except as provided in subsection (b) of this section, the district courts

shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334 (1988). Section 157 sets up authority for the district courts to refer bankruptcy matters to the bankruptcy courts for decision. That section says:

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

28 U.S.C. § 157 (1988).

The parties do not dispute the fact that absent any other provisions of law, the above quoted provisions would undoubtedly confer jurisdiction upon the bankruptcy court to hear all of the issues involved in the Government's motion to lift stay including the issues surrounding the validity of the debt claimed by HCFA against Upsher. But life cannot be so simple.

The fact is that Congress has set up a very specific process under the Social Security law in title 42 for appealing benefit determinations under Medicare. The system first requires individuals disputing benefit determinations to file for an administrative appeal and to exhaust the administrative process. Once the administrative process is exhausted, dissatisfied claimants are able to proceed to prosecute their appeal in the district court. Section 1395oo sets up the Provider Reimbursement Review Board to which Medicare providers may appeal adverse decisions, 42 U.S.C.

1395oo(a) (1988), and provides for the finality of board decisions and the right of judicial review of final decisions by the board. 42 U.S.C. § 1395oo (f) (1988). Section 405(g) addresses judicial review of final decisions and confers jurisdiction upon the district courts to hear the appeals:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decisions by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business....

42 U.S.C. § 405(g) (1988). And finally, § 405(h) provides:

The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h) (1988). Read together, these sections require administrative exhaustion of remedies and make clear that jurisdiction to hear appeals of benefit disputes is conferred by the Social Security Act, 42 U.S.C. § 405(g), and not through federal question jurisdiction (§ 1331) or jurisdiction over actions with the United States as a defendant (§ 1346).

The debtor in this case has not exhausted the administrative remedies provided under the Social Security Act. Therefore, absent the possibility of jurisdiction by the bankruptcy court, no federal court could hear the merits of this benefit dispute until a final decision by the Secretary had been

rendered and the administrative process had been exhausted.

The question for this Court to resolve is, in essence, whether the bankruptcy jurisdiction provision of § 1334 provides an independent jurisdictional basis which is sufficient to allow the bankruptcy court to take jurisdiction over the issues relating to the validity of the debt which HCFA claims against the estate and which must be resolved in order to rule on the government's motion to lift stay. This Court finds that § 1334 does not provide such an independent jurisdictional basis.

The Government argues that the third sentence of 42 U.S.C. § 405(h) applies to preclude the bankruptcy court from taking jurisdiction under 28 U.S.C. 1334. That sentence currently reads: "No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter." The essence of the Government's argument is that the original version of § 405(h) specifically barred bankruptcy court jurisdiction, so the current version should be read to bar bankruptcy court jurisdiction. This is true even though the statute as currently written specifically bars jurisdiction only under §§ 1331 and 1346, because the legislation which amended § 405(h) indicated that the changes were only technical corrections and were not meant to be "construed as or affecting any right, liability, status, or interpretation which existed (under the provisions of law involved) before [the date of enactment of the technical corrections]." Pub.L. 98–369, § 2664(b), 98 Stat. 1171, 1171–72 (1984).

This Court is in agreement with the Government and with the district court in *Sullivan v. Hiser (In re St. Mary's Hospital)*, 123 B.R. 14 (E.D.Pa.1991), that the intention of Congress was not to change the effect § 405(h) which clearly precluded bankruptcy court jurisdiction prior to the technical corrections. *See also In re Clawson Medical Rehabilitation*, 12 B.R. 647 (E.D.Mich.1981); *Matter of Visiting Nurse*

*Association of Tampa Bar, Inc.*, 121 B.R. 114 (Bankr.M.D.Fla.1990).

The ambiguity in the statute arises due to "technical corrections" made to § 405(h) in 1984. Pub.L. 98–369, § 2663(a)(4)(D), 98 Stat. 1162 (1984). Originally, § 405(h) read: "No action against the United States, the Board, or any officer or employee thereof shall be brought under *section 24 of the Judicial Code of the United States* to recover on any claim arising under this title." Amendments to Title II of the Social Security Act, § 201, 53 Stat. 1362, 1371 (1939) (emphasis added). At the time of the original enactment of § 405(h), all twenty-five of the jurisdictional grants to the federal district courts were included in § 24 of the Judicial Code of the United States (codified at 28 U.S.C. § 41). Therefore, the original reference to § 24 of the Judicial Code in § 405(h) necessarily included a prohibition against the district court taking jurisdiction of a Social Security matter pursuant to its bankruptcy jurisdiction because bankruptcy jurisdiction was included in the twenty-five different jurisdictional grants of § 24. Judicial Code of the United States, § 24, 36 Stat. 1093 (1911). In 1948, when the Judicial Code was revised, the district court jurisdictional grants which had all been included in § 24 of the Judicial Code, were broken out into separate code sections. *See* Pub.L. No. 80–773, 62 Stat. 869, 930–35 (1948).

This change was finally reflected in a revised version of § 405(h) in 1984. That revision amended § 405(h) by "striking out 'section 24 of the Judicial Code of the United States' and inserting in lieu thereof 'section 1331 or 1346 of title 28, United States Code.'" Pub.L. 98–369, § 2663(a)(4)(D), 98 Stat. 1162 (1984). Included in this legislation is a clear statement of Congressional intent, with regard to the amendments made in § 2663 of the Act, that "none of such amendments shall be construed as changing or affecting any right, liability, status, or interpretation which existed (under the provisions of law involved) before [the date of enactment of the revisions]." Pub.L. 98–369, § 2664(b), 98 Stat. 1171–72 (1984). The clear effect of this statement is that since the district court could not

take jurisdiction of a Social Security dispute prior to exhaustion of the administrative remedy by exercising its bankruptcy jurisdiction previous to the revision it cannot do so after the revision. In giving effect to this statement from the statute, this Court is not relying on mere legislative history to interpret the statute. The statement comes directly from the enacted statute and must be given full effect.

This Court concludes that the broad and all-inclusive language of § 1334 does not override §§ 405(g) and 405(h). These sections simply do not give a grant of exclusive jurisdiction over Social Security disputes to the administrative agency. If such were the case, then § 1334 may well have to be given effect over §§ 405(g) and 405(h). Instead they go beyond the grant of jurisdiction and include a very specific prohibition against the taking of jurisdiction under other code sections. This Court will not ignore such a clear statutory prohibition.

## CONCLUSION

For the reasons stated above, this Court does not have jurisdiction over the merits of the dispute between Debtor and HCFA with regard to the alleged overpayment of Medicare reimbursements made to Debtor. Since this Court is unable to determine the validity of the alleged debt, HCFA's motion to lift stay so that it may proceed to set-off such debt is GRANTED. Both parties are free to follow the established administrative procedure with the right to appeal to the Federal District Court after exhaustion of such administrative actions.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.