In re **HOME COMP CARE, INC.**, Debtor.

**HOME COMP CARE, INC.**, Appellant,

v.

**UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES through Donna Shalala, Secretary of the United States Department of Health and Human Services, Health Care Financing Administration, and Blue Cross/Blue Shield of Illinois, also known as Health Care Services Corp.**, Appellees.

No. 97 C 6990.

United States District Court,
N.D. Illinois,
Eastern Division.

April 1, 1998.

Timothy R. Casey, Gardner, Carton & Douglas, Truman K. Gibson, Jr., Attorney at Law, Bruce de'Medici, Weinstein, Fischer, Riley & Erickson, Chicago, IL, for appellant.

AUSA, United States Attorney's Office, Alan Dorn, United States Department of Health & Human Services, Office of General Counsel, Chicago, IL, for appellees.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge.

Appellant, Home Comp Care, Inc., appeals the July 25, 1997 decision of the bankruptcy court that dismissed appellant's Adversary Complaint for Turnover of Property of the Estate for lack of subject matter jurisdiction and the August 13, 1997 decision of the bankruptcy court denying appellant's Motion for Reconsideration. For the following reasons, the decisions of the bankruptcy court are affirmed.

## BACKGROUND

Part A of the Medicare Act, established by Title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et seq.*, in relevant part provides for payment on behalf of eligible beneficiaries for certain home health services furnished by home health agencies. 42 U.S.C. § 1395d. Appellee Secretary of the United States Department of Health and Human Services ("HHS") administers the Medicare program and has delegated this function to appellee Health Care Financing Administration ("HCFA"), a component of appellee HHS.

A home health agency that meets Medicare certification standards may enter into a provider agreement with appellee HCFA, 42 U.S.C. § 1395cc, and be reimbursed for the

reasonable cost of covered services, as determined under detailed statutory and regulatory criteria. 42 U.S.C. §§ 1395f(b), 1395h, 1395x(v); 42 C.F.R. § 413.1 *et seq.* Appellee HHS's payment scheme pays providers periodically on an interim basis based on estimates of the provider's projected costs for the entire year. 42 C.F.R. § 413.64(b), (e). Interim payments are supposed to be calculated to approximate actual costs to minimize any subsequent overpayments or underpayments for the cost year. 42 C.F.R. § 413.64(b). Since interim payments are made before an audit is conducted to determine the precise amount payable, overpayments or underpayments that are incident to such interim payments are corrected through ongoing adjustments in subsequent Medicare reimbursements. 42 C.F.R. §§ 405.371(a)(2), 413.64(e), (h)(7). Such adjustments may be made on the basis of an initial or final audit determination regarding prior years' cost reports as well as other evidence available. 42 C.F.R. § 413.64(b), (e). With respect to the actual amounts paid to the providers, appellee HHS is allowed to make necessary adjustments if there has been a previous overpayment or underpayment. 42 U.S.C. § 1395g(a). This is done in order to assure that the current year's interim payments approximate, as closely as possible, the reimbursement to be determined at a final settlement of the year-end cost report and to minimize any overpayment or underpayment for the year. 42 C.F.R. § 413.64(e), (h)(7).

At the end of the twelve-month cost year the provider must file a cost report stating the actual reasonable cost it claims is payable for the entire year. 42 C.F.R. §§ 413.20(b), 413.24(f). A fiscal intermediary, a private insurance company, makes an initial review of the reasonable costs for the year based on the available information, including findings from audits of prior years' cost reports. 42 C.F.R. § 413.64(e), (f). If interim payments that were made during the year exceed the intermediary's determination of reasonable costs for the year, the intermediary may recover any overpayment through reductions in current period payments. 42 U.S.C. § 1395g(a); 42 C.F.R. §§ 405.371(a)(2), 413.64(f). The intermediary subsequently performs a full audit of the cost report and issues a Notice of Program Reimbursement ("NPR"), which is the intermediary's final determination of the total reasonable cost payable for the year together with any overpayment that is to be collected. 42 C.F.R. §§ 405.1803, 413.64(f)(2).

Congress has provided an exclusive avenue for judicial review of reimbursement issues affecting providers. Only upon the intermediary's final determination as to the total amount of reimbursement due for the entire year, as reflected in an NPR, may providers request a hearing with respect to such determination and obtain a decision from the Provider Reimbursement Review Board ("PRRB"). 42 U.S.C. § 1395*oo*(a); 42 C.F.R. § 405.1835. The PRRB's decision is final unless appellee HHS reverses, affirms, or modifies it on her own motion within sixty days after the provider receives notice of the PRRB's decision. 42 U.S.C. § 1395*oo*(f)(1). Only after receiving a decision by the PRRB or HHS may the provider obtain judicial review of an adverse decision in a federal district court, 42 U.S.C. § 1395*oo*(f)(1), pursuant to the applicable provisions of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*

Appellant in this case had been a provider of home health care services. The majority of the services appellant provided were to Medicare beneficiaries. As such, appellant was reimbursed for the reasonable costs of covered services. This case stems from a series of overpayment determinations made by an intermediary of appellee HHS, appellee Heath Care Service Corporation of Illinois, with respect to appellant. The intermediary, following audits for the years of 1994, 1995, 1996, and 1997, issued NPRs for 1994 and 1995 and initial reviews for 1996 and 1997 and determined that appellant had been overpaid. A series of negotiations began with appellant to establish a repayment schedule. After some repayment which eventually was determined to be insufficient by the intermediary, withholding of one hundred percent of appellant's current Medicare payments commenced. Appellant filed for bankruptcy on July 21, 1997. *In re Home Comp Care, Inc.,* No. 97 B 22053.

Thereafter, appellant filed an adversary complaint with the bankruptcy court seeking to require appellee HHS to turn over the Medicare reimbursement payments that had been withheld and to enjoin appellee HHS from withholding any future claims. Appellant claimed that appellee HHS's withholdings were property of the bankruptcy estate and thus violated the bankruptcy automatic stay, 11 U.S.C. § 362, and that appellant had not received adequate advance notice or an opportunity to respond to appellee HHS's recoupment. Appellee HHS filed a motion to dismiss arguing that appellant was presenting, in essence, a Medicare reimbursement dispute and that until appellant exhausted its administrative remedies the bankruptcy court lacked subject matter jurisdiction to address appellant's claims.

■ On July 25, 1997, the bankruptcy court conducted a hearing and after hearing argument from the parties, orally dismissed appellant's adversary action for lack of subject matter jurisdiction since appellant had failed to exhaust its administrative remedies as required under law. On August 13, 1997, the bankruptcy court reaffirmed its ruling in denying appellant's motion for reconsideration. Appellant appeals the bankruptcy court's orders.[1]

### ANALYSIS

Review of the bankruptcy court's findings of fact are upheld unless they are clearly erroneous and review of the bankruptcy court's legal conclusions is *de novo*. *In re Lefkas Gen. Partners*, 112 F.3d 896, 900 (7th Cir.1997). Review of a denial of a motion for relief under Rule 60(b)(6) is highly deferential. *United States v. 8136 S. Dobson St.*, 125 F.3d 1076, 1082 (7th Cir.1997). The denial of the motion is reviewed for abuse of discre-

tion, where no reasonable person could agree with the holding. *Id.*

Appellant argues that appellees' withholding of Medicare payments violates the automatic stay in effect due to appellant's bankruptcy filing. 11 U.S.C. § 362(a). The bankruptcy court concluded, however, that it did not have subject matter jurisdiction over appellant's adversary action since appellant had not exhausted the administrative remedies as required under the law.

Congress has stated that Medicaid reimbursement disputes are to be dealt with in the following manner, if a provider disagrees with the fiscal intermediary's final determination regarding reimbursement the provider may request a hearing with respect to such determination and obtain a decision from the PRRB. 42 U.S.C. § 1395oo(a); 42 C.F.R. § 405.1835. Only after receiving a decision by the PRRB or HHS may the provider obtain judicial review of an adverse decision in a federal district court. 42 U.S.C. § 1395oo(f)(1); *Homewood Prof'l Care Ctr., Ltd. v. Heckler*, 764 F.2d 1242, 1248 (7th Cir.1985). Presentation to the PRRB is a nonwaivable jurisdictional element of 42 U.S.C. § 1395oo(f)(1). *Homewood*, 764 F.2d at 1253. Title 42 U.S.C. § 405(h) of the Social Security Act, made applicable to the Medicare Act by 42 U.S.C. § 1395ii and 42 U.S.C. § 1395oo(f)(1), provides that findings and decisions of HHS are binding and no decisions are reviewable except after administrative exhaustion and a final decision provided for in 42 U.S.C. § 405(g). *Bodimetric Health Servs., Inc. v. Aetna Life & Cas.*, 903 F.2d 480, 483 (7th Cir.1990); *Homewood*, 764 F.2d at 1247, 1252; *In re St. Johns Home Health Agency, Inc.*, 173 B.R. 238, 243 (Bankr.S.D.Fla.1994)

---

**1.** All parties have attempted to attach extra documents to their appellate briefs that were not submitted to or considered by the bankruptcy court and were not included as part of appellant's designation of record on appeal. Such documents consist of several letters exchanged between the parties. Generally, a district court acting as an appellate court in reviewing a bankruptcy case decision may consider only the evidence that was presented before the bankruptcy court and made a part of the record. *Edgewater*

*Walk Apartments v. Mony Life Ins. Co. of Am.*, No. 93 C 3612, 1993 WL 525485, at *1 (N.D.Ill. Dec.10, 1993). The bankruptcy judge in this case specifically stated that the parties were not to go beyond the pleadings and the record. *See e.g.*, Tr. at 4–5, 42 (July 25, 1997). Moreover, the letters do not have any bearing on the decision in this case. Accordingly, in making its ruling this court will not consider any of the extraneous letters submitted by the parties.

Appellant argues that the bankruptcy court has jurisdiction pursuant to 28 U.S.C. §§ 157, 1334 since appellant's request for appellees to turn over the Medicare payments is a core proceeding of the bankruptcy estate. The filing of a bankruptcy petition, however, does not allow appellant to avoid the requisite administrative remedies provided for in Medicare reimbursement matters. *In re Southern Inst. for Treatment & Evaluation,* Medicare & Medicaid Guide (CCH) ¶ 46,036, at 57,126–27 (Bankr.S.D.Fla. Jan. 6, 1998). Appellant must still exhaust its administrative remedies prior to obtaining judicial review. *Id., St. Johns,* 173 B.R. at 242–43, 247–48. To follow appellant's argument "would circumvent the established procedures for determination and recoupment of Medicare overpayments and administrative review of such determinations, as set out in elaborate detail in the Medicare Program." *St. Johns,* 173 B.R. at 243. Moreover, the legislative history of 42 U.S.C. § 405(h) supports the position that bankruptcy court jurisdiction is also precluded by section 405(h). *Id.* at 244. *See also Bodimetric,* 903 F.2d at 488–90 (finding that diversity jurisdiction based claim was precluded by section 405(h) regardless of technical omission).

Appellant argues that it is not challenging the amount of Medicare benefits to which it is entitled and therefore its complaint in the bankruptcy court does not arise under the Medicare Act. Appellant's claim is not logical. A claim that arises under the Medicare Act is subject to 42 U.S.C. § 405(h). *Homewood,* 764 F.2d at 1247. The term "arising under" is to be interpreted broadly as including claims that are "inextricably intertwined" with benefits determinations under the Medicare Act. *Heckler v. Ringer,* 466 U.S. 602, 615, 104 S.Ct. 2013, 2021, 80 L.Ed.2d 622 (1984); *Bodimetric,* 903 F.2d at 483. Appellant is disputing the withholding of Medicare reimbursement by appellees and claiming that appellees are not following proper procedures for withholding.

Such a claim for wrongful withholding is essentially a request for payment, is directly linked to appellees' statutory right to withhold reimbursement based on a determination of overpayment, and thus is clearly inextricably intertwined with and arises under the Medicare Act. *Ringer,* 466 U.S. at 614–15, 104 S.Ct. at 2021–22; *St. Johns,* 173 B.R. at 247. Therefore, appellant must have a final determination by the PRRB or appellee HHS before it may file a complaint in the federal court system.[2] 42 U.S.C. § 405(h); *Ringer,* 466 U.S. at 627, 104 S.Ct. at 2028; *Homewood,* 764 F.2d at 1248.

In this case, appellant has admitted that it had not exhausted its administrative remedies prior to filing its adversary complaint in the bankruptcy court. Appellant states that it is currently engaged in proceedings before the PRRB regarding the reimbursement issues. (R. 2, Pl.'s Mem. of P. & A. in Supp. of Application for T.R .O. at 4; R. 3, Pl.'s Emergency Application for T.R.O. ¶ 8 and attached Alexander Aff. ¶ 5). Appellant's admitted failure to fully and completely exhaust its administrative remedies prior to filing its complaint in the bankruptcy court properly led the bankruptcy court to conclude that it did not have jurisdiction over appellant's complaint.

This court finds no error in the bankruptcy court's determination that it lacked subject matter jurisdiction over appellant's adversary complaint or in the determination to deny appellant's motion for reconsideration. Accordingly, the decisions of the bankruptcy court are affirmed.

### CONCLUSION

Based on the above stated reasons, the decisions of the bankruptcy court are AFFIRMED.

---

2. The only case to which appellant cites in its brief in support of this appeal that allegedly supports appellant's position is *First Am. Health Care of Ga., Inc. v. United States Dep't of Health & Human Servs. (In re First Am. Health Care of Ga., Inc.),* 208 B.R. 985 (Bankr.S.D.Ga.1996). This opinion was subsequently vacated on March 11, 1996. *First Am. Health Care of Ga., Inc. v.*

*United States Dep't of Health & Human Servs. (In re First Am. Health Care of Ga., Inc.),* Medicare & Medicaid Guide (CCH) ¶ 44,142 (Bankr.S.D.Ga. Mar. 11, 1996). Moreover, Seventh Circuit precedent clearly does not follow the reasoning articulated in that case. *Bodimetric,* 903 F.2d at 488–89.