UNITED STATES of America, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Appellant,

v.

Gary D. JAMES, D.O., Appellee.

No. CIV.A. 5:00CV–97–R.

United States District Court,
W.D. Kentucky,
Paducah Division.

Nov. 3, 2000.

**480**

Michael F. Spalding, Assistant United States Attorney, United States Attorney's Office, Louisville, KY, for appellant.

M. Greg Rains, Paducah, KY, Van L. Riggins, Jr., Clarksville, TN, for appellee.

## MEMORANDUM OPINION & ORDER

RUSSELL, District Judge.

This case is before this Court on appeal from a decision of the Bankruptcy Court. The United States, Department of Health and Human Services, appeals the Order of the U.S. Bankruptcy Court dated February 10, 2000. In that Order, the Bankruptcy Court Ordered, among other things, that "[t]he exclusion by HHS of the debtor from participation in the Medicare and Medicaid programs and all other federal health care programs pursuant to 42 U.S.C. § 1395ccc(a)(3)(B) and 1320 a–7(b)(14) should be and it is hereby temporarily set aside." HHS appeals that order on the grounds that this Court has no jurisdiction to review the agency's authority to exclude Gary D. James, D.O. from Medicare, Medicaid and other Federal health care programs, as defined in § 1128(B)(f) of the Social Security Act (the "Act"), pursuant to sections 1892(a)(3)(B) and 1128(b)(14) of the Act, 42 U.S.C. §§ 1395ccc(a)(3)(B) and 1320a–7(b)(14).

This Court **GRANTS** judgment in favor of **HHS**.

## BACKGROUND

Dr. Gary D. James (James), received four $10,000 Health Education Assistance Loans (HEAL) between 1980 and 1982, executing promissory notes with each loan. James did not repay the loans. Consequently, the lenders filed claims with the Department of Health and Human Services (HHS) to recover their money. The United States made the lenders whole and reassigned the HEAL loans to HHS. HHS unsuccessfully attempted to secure repayment from James. HHS subsequently referred the matter to the Department of Justice for Collection and the OIG for exclusion, as required by law and regulation. *See* 42 U.S.C. § 1395ccc and 42 C.F.R. § 405.380.

By letter dated October 29, 1999, HHS notified James that, based on his failure to repay his Health Education Assistance Loan (HEAL) or enter into a repayment agreement, he was excluded him from participation in Medicare, Medicaid and all Federal health care programs as defined by § 1128(h) of the Social Security Act. The exclusion began November 11, 1999 and would remain in effect until James has satisfied the debt.

James filed a Chapter 11 petition on November 18, 1999. Bankruptcy Judge Wendell Roberts held a hearing on HHS's exclusion of James from Medicare and Medicaid. Judge Roberts ordered the exclusion temporarily lifted in conjunction with a repayment plan that would require James to make payments to the United States in the amount of $2,500 per month towards his HEAL debt. HHS now appeals questioning whether the bankruptcy court has jurisdiction to review HHS's authority to exclude James from Medicare, Medicaid and other Federal programs, as defined in § 1128(B)(f) of the Social Security Act (the Act), pursuant to §§ 1892(a)(3)(B) and 1128(b)(14) of the

Act, 42 U.S.C. § § 1395ccc(a)(3)(B) and 1320a–7(b)(14).

## DISCUSSION

Neither this Court nor the bankruptcy court has jurisdiction in this case. The filing of a bankruptcy petition does not allow James to avoid the requisite administrative remedies provided for in Medicare matters. *In re Home Comp Care, Inc.,* 221 B.R. 202 (N.D.Ill.1998). James must still exhaust his administrative remedies prior to obtaining judicial review. *See id.* Anything less would circumvent the established procedures for determination of Medicare matters and administrative review of such determinations, as set out in elaborate detail in the Medicare Program. *In re St. Johns Home Health Agency,* 173 B.R. 238, 243 (Bankr.S.D.Fla.1994).

James argues that his case is distinguishable from most Medicare cases because it does not involve recoupment. As such, he claims it does not arise under the Medicare Act. *See In re Rusnak,* 184 B.R. 459 (Bankr.E.D.Pa.1995). A claim that arises under the Medicare Act is subject to 42 U.S.C. § 405(h). Courts interpret "arising under" broadly as including claims that are "inextricably intertwined" with benefits determinations under the Medicare Act. *See Heckler v. Ringer,* 466 U.S. 602, 615, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). James argues that the exclusion from his participation in Medicare reimbursement programs by HHS violates the bankruptcy court's stay. Such a claim essentially involves a request for payment as he objects to his prohibition from receiving payments, and is directly linked to HHS's statutory right to exclusion, and thus is inextricably intertwined with and arises under the Medicare Act. *See Ringer,* 466 U.S. at 614–15, 104 S.Ct. 2013. Therefore, James must exhaust his administrative remedies before this Court or the bankruptcy court has jurisdiction to hear his claims regarding the actions of HHS arising under the Medicare plan. 42 U.S.C. § 405(h); *Ringer,* 466 U.S. at 627, 104 S.Ct. 2013; *In re Clawson Medical, Rehab., and Pain Care Cntr.,* 12 B.R. 647 (E.D.Mich.1981).

James argues that this Court should not accept HHS's position, but rather should follow the reasoning of the Eastern District of Pennsylvania in *In re Rusnak,* 184 B.R. 459 (1995). *Rusnak* presents an issue nearly identical to the one at bar. This could prove quite persuasive as the majority of cases deal with reimbursement and recoupment of medicare benefits rather than the exclusion of such benefits. However, a careful reading of *Rusnak* reveals that the Court relied heavily on *In re University Medical Center,* 973 F.2d 1065 (3d Cir.1992). This case did not deal with exclusion. Therefore, the factual novelty of *Rusnak* is negated and the case falls within the body of caselaw dealing more generally with the issue of bankruptcy jurisdiction.

The Court does not pretend that this is issue is a well settled one. *See In re Ludlow Hospital Society, Inc.,* 124 F.3d 22, 26 n. 7 (1st Cir.1997). Indeed, a review of case law reveals that the Sixth Circuit has not specifically ruled on this issue and that other courts have split on this issue. *See In re University Med. Ctr.,* 973 F.2d 1065 (3d Cir.1992)(holding that debtor's claim that creditor violated automatic stay arose under Bankruptcy Code, not under the Medicare statute, and therefore did not require exhaustion of administrative remedies); *In re Town & Country Home Nursing Serv. Inc.,* 963 F.2d 1146 (9th Cir.1991)(holding that claims arose under Bankruptcy and did not require exhaustion); *but see In re Home Comp Care, Inc.,* 221 B.R. 202 (N.D.Ill.1998)(holding that the bankruptcy court lacked jurisdiction where a debtor failed to exhaust administrative remedies); *In re St. Mary Hospital,* 123 B.R. 14 (E.D.Pa.1991)(debtor must exhaust administrative remedies before bankruptcy court has jurisdiction); *In re Clawson Med. Rehab. And Pain Care Ctr., P.C.,* 12 B.R. 647 (E.D.Mich.1981)(bankruptcy court had no jurisdiction to hear debtor's challenge to

HHS's Medicare reimbursement decision where debtor did not first exhaust administrative remedies).

Although the caselaw does not present a clear answer, the arguments for and against jurisdiction have been well developed by circuits ruling in favor of each. The determination in this case comports with the tenor of the only cases remotely on point in this Circuit. *See Lavapies v. Bowen,* 883 F.2d 465 (6th Cir.1989); *In re Clawson Medical, Rehab., and Pain Care Cntr.,* 12 B.R. 647 (E.D.Mich.1981). The decision also appears consistent with the goals of the Medicare program. This Court has no jurisdiction to review the agency's authority to exclude Gary D. James, D.O. from Medicare, Medicaid and other Federal health care programs, as defined in § 1128(B)(f) of the Social Security Act (the "Act"), pursuant to sections 1892(a)(3)(B) and 1128(b)(14) of the Act, 42 U.S.C. §§ 1395ccc(a)(3)(B) and 1320a–7(b)(14).

This case is **REMANDED** to the Bankruptcy Court for actions consistent with this Memorandum Opinion and Order. **IT IS ORDERED**.

This is a final and appealable Order. There is no just cause for delay.